## LIVINGSTON AND THOMPSON, *Assignees*, &c. *against* WOOLSEY.

Where, on the service of the *subpœna*, the defendant's solicitor wrote a letter to the solicitor of the plaintiffs, requesting him to cause the appearance of the defendant to be entered, and to send him a copy of the bill; and the plaintiffs' solicitor sent a copy of the bill accordingly, but neglected to enter the defendant's appearance, and proceeded to have the bill taken *pro confesso*, and a final decree entered in the cause: *Held*, that the sending a copy of the bill, and requesting that an answer might be put in, was to be deemed an admission of an appearance, or a waiver of the formal entry of it, and that the defendant was, therefore, to be considered as in Court, and entitled to be served with a rule to put in an answer, before the bill could be taken *pro confesso;* and the order for taking the bill *pro confesso*, and all subsequent proceedings, were set aside, for irregularity.

MOTION to set aside a decree by default, and subsequent proceedings, as irregular; 1. Because, the defendant's solicitor was not ruled to answer, before the entry of the rule taking the bill *pro confesso;* 2. Because, the defendant died immediately after the entry of the final decree, and before the Master received the decretal order to sell the mortgaged premises.

*March* 3d.

1820.

LIVINGSTON
v.
WOOLSEY.

It appeared, that upon service of the *subpœna*, the solicitor for the plaintiff was requested, by letter, on behalf of the *solicitor* of the defendant, to enter the appearance of the defendant, and to enclose to him a copy of the bill; that the solicitor for the defendant, soon after, received by letter a copy of the bill, with a request, that an answer might be put in as soon as convenient; that the solicitor for the defendant relying upon this correspondence, presumed the appearance of the defendant had been duly entered, and not being ruled to answer, was prevented, by the removal of the defendant's family, and by his sickness, from putting in an answer until after the bill had been taken *pro confesso*, and within a few days prior to the time that a final decree was entered, by default. No actual appearance was entered until the answer was filed. After the entry of the final decree, the defendant died, and the solicitor for the plaintiffs proceeded, notwithstanding, to cause the mortgaged premises, which the bill was filed to foreclose, to be advertised and sold, and they were purchased in by the solicitor for the plaintiffs. The knowledge of these latter proceedings, did not come to the heirs of the defendant, until after the sale.

The answer of the defendant went to deny, wholly, the equity of the bill; and the above facts were not contradicted, except that the solicitor for the plaintiffs denied any request or suggestion to him, to enter the defendant's appearance, and denied the truth of the matter set up as a defence in the answer.

*S. A. Foote*, for the motion.

*G. L. Thompson*, contra.

THE CHANCELLOR. The fact, that a copy of the bill was enclosed by letter to the solicitor of the defendant, and an answer to the bill requested, is an admission of the

appearance of the defendant, or, at least, a waiver of the formal entry of it with the clerk, and, consequently, the defendant was to be deemed *rectus in curia*, and entitled to be ruled to put in an answer, before the bill was taken *pro confesso*, against him. The subsequent proceedings, on the part of the plaintiffs, were, therefore, irregular. As Lord *Hardwicke* observed, in *Floyd* v. *Nangle*, (3 *Atk.* 568.) " If there is an irregularity in the proceedings of the plaintiff, and the plaintiff insists upon the strict default of the defendant, as the Courts of law say, it is very necessary a person insisting upon the rigor, *should hit the bird in the eye.*" But if this irregularity did not exist, it would follow, that the proceeding in *July* last, to advertise the land for sale, and the sale in *September*, and the confirmation of the report in *October*, were all irregular, because the defendant died in *June*, and the suit had not been revived against his children and heirs.

The motion is, accordingly, granted, so far as to set aside the order taking the bill *pro confesso*, and all the subsequent proceedings ; and the answer is to be deemed duly put in at the time it was filed. No costs of the proceedings set aside, or of this motion, are allowed to either party, as against the other.

Motion granted.