# CHARLES SEBASTIAN

*v.*

# SARAH C. JOHNSON, Admx.

1. ADMINISTRATOR'S SALE—*by whom to be made.* The authority given to an administrator to sell real estate for the payment of debts, is a personal trust, which he can not delegate to another; and whilst a sale by an auctioneer employed by the administrator for that purpose, made whilst the administrator is present, is the sale of the administrator, such a sale made, without the administrator being present, will not meet judicial sanction. See *Chambers et al.* v. *Jones, ante,* p. 275.

2. SAME—*of real estate, must be subject to incumbrances.* An administrator has no interest in the real estate of his intestate; he has but a power, and must take the estate as he finds it, and if incumbered, his plain duty is to sell it subject to the incumbrance.

3. Where a deed is tendered to a purchaser of real estate at an administrator's sale, upon which there is an incumbrance, and he refuses to take it and comply with the terms of sale, he will not be entitled to a deed upon a tender of the amount of his bid, after the incumbrance has been removed without aid from him.

4. ADMINISTRATOR—*has no control or power over possession of land sold by him.* An administrator has no right to deal with the possession of land sold by him, and a party taking possession of such land by the consent of the administrator, can not be considered as put in possession by any one authorized to do so. Such an act by the administrator is a violation of trust, from which no one privy thereto can take any benefit.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. RANDLE, GILLESPIE & HAPPY, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, against an administratrix, to compel the conveyance of land purchased at an administratrix's sale.

The court below, on hearing, dismissed the bill, and the complainant appealed.

The sale was not made in accordance with law. It was made under an order of the county court, directing the sale of the land by the administratrix for the payment of the debts of the intestate.

The sale was not made by the administratrix herself, but it was made by one Bonner, whom the administratrix had engaged for that purpose, she not being present at the sale, being sick at the time. The authority given to the administratrix to make the sale was a personal trust, which she could not delegate to another. If she had been present, and had employed an auctioneer or crier to assist in the making of the sale, it would have been her sale, and the parties in interest would have had the benefit of her superintendence and judgment. But such a sale made by another person, without the administratrix being present at all, to exercise control over it, can not meet judicial sanction. *Taylor* v. *Hopkins*, 40 Ill. 442; 2 Williams on Executors, 944; *Berger* v. *Duff*, 4 Johns. Ch. 367; *Heyer* v. *Deavis*, 2 id. 154. In the last case, which was that of a sale of mortgaged premises under a decree, the master, being sick, did not attend the sale, but deputed a competent agent, who attended and sold the land; the sale was set aside for that reason solely, there being no other objection to the fairness and regularity of the sale.

The premises here were incumbered by mortgage, and Bonner, unauthorizedly, sold them free of incumbrance. There is no evidence that the administratrix directed the land to be so sold; on the contrary, her explicit testimony is, that she did not authorize the sale of the land free of incumbrance, the order of sale did not so require, nor does the law recognize such a condition as proper in the making of such sales.

The administrator has no interest in the real estate; he has but a power, and must take the estate as he finds it, and if incumbered, his plain duty is to sell it subject to the incumbrance. *Phelps, Admr.* v. *Funkhouser*, 39 Ill. 405; *Cutter, Admr.* v. *Thompson*, 51 id. 390; *Smith* v. *McConnell*, 17 id. 135; *Shoemate* v. *Lockridge*, 53 id. 504.

Appellant did not comply with the published terms of the sale.

The terms were, one-third down, one-third in six months, and one-third in twelve months. Appellant bid off the land at the sale about the 8th of January, 1870, at $16.50 per acre. Within a reasonable time thereafter the administratrix offered him a deed of the land subject to the incumbrance, but appellant refused to receive the deed and make the first payment, because of the incumbrance of the mortgage upon it, claiming that he was entitled to a deed of the land discharged from the incumbrance.

Subsequently, about August 25, 1871, the mortgage became satisfied out of other land embraced in it than the land in question, and not till then, after the land had become free from any incumbrance, did appellant make a tender of any payment, and demand a deed. He was not lawfully entitled to any other deed than such an one as was seasonably tendered to him by the administratrix; and in not making the first payment then, but delaying it for the length of time he did, and until the land, without aid from him, had become freed from incumbrance, he was in clear default, too great to entitle him to demand a specific performance.

The farm, of which the land in question composed a part, had been purchased by the intestate at $46.50 per acre. On a resale of the land in question at public sale by the administratrix, about August, 1871, it brought $30 per acre, and although this last sale has never been consummated, in consequence of the present suit, we do not see why the price which was offered for the land, and at which it was bid off, might not be taken as a fair index of the value of the land.

It would then seem that $16.50, at which the land was struck off to appellant, was a largely inadequate price for the land free from incumbrance, however it might have been subject to the incumbrance.

Stress is laid by appellant upon the circumstance, that, by the permission of Mr. Springer, the attorney of appellee, and by her consent, as attempted to be shown, the appellant was allowed to go into the possession of the premises, and remain until the incumbrance could be removed, and the administra-

trix could convey the land unincumbered, and that improvements were made by appellant.

But we can give no weight to this, as aiding the case of the plaintiff. The appellant was not put into possession by any one authorized to do so. The administratrix, nor her attorney, had any right to deal with the possession of the land. The case is not to be viewed as if it were one in which only the appellee's own individual property and interests were concerned. The parties in interest are heirs and creditors, the administratrix but a mere trustee; her path is clearly marked out by law, and any deviation from it is but a violation of trust, from which no one privy thereto should take any benefit.

Upon the whole, we must regard this as a contract which a court of equity may well refuse specifically to enforce.

The decree will be affirmed.

*Decree affirmed.*