THE STATE *v.* CLAIBOURNE PHILLIPS.

MALICIOUS MISCHIEF.—*Act of* 1803, *chapter* 9, *Section* 2.

A dog is not a beast within the meaning of the Act of 1803, chapter 9 section 2.

This was an indictment against the defendant, for *malicious mischief,* in the circuit court of Anderson

The State v. Claibourne Phillips.

county. The indictment charged that the defendant killed a dog, and was predicated upon the act of 1803, chapter 9, section 2, which enacts that:

"Any person who shall cut out the tongue, cut off the ear or tail, or shall put out an eye of any beast, or otherwise dismember or disfigure such beast maliciously or of purpose; or shall wilfully and maliciously kill, destroy or wound the beast of another, shall be fined not exceeding $200, and be imprisoned not exceeding three months." To this indictment the defendant filed a demurrer, which was sustained by the circuit judge, and judgment pronounced in favor of the defendant, from which the Attorney General for the circuit, Cummings, on behalf of the State, appealed.

The question presented for the consideration of the court was whether a *dog* is a *beast* within the meaning of the act of assembly.(1)

The case was argued in 1848, but was continued over under advisement until the present term.

There was no written opinion in this case.

MCKINNEY, J., delivered the opinion of the court,

(1) Beast is a generic word; the Court will determine whether or not the animal named in the indictment be included in it. Taylor v. State, 6 Humph. 285.

Malicious mischief in throwing down fence, Goforth v. State, 8 Humph. 37; in destroying saddle bags, Shell v. State, 6 Humph, 283; in shaving horse's tail, Boyd v. State, 2 Humph. 39.

The malice must be directed against the owner and not merely the beast, State v. Wilcox, 3 Yerg. 278.

The words "with force and arms" not necessary. Taylor v. State, 6 Humph. 285.

The words "wilfully and maliciously" sufficiently charge the malice, State v. Council, 1 Tenn. 305.

See the Code, 4657-4658.

stating, in substance:—That the language of the act of assembly upon which the above indictment was predicated is general and sufficiently comprehensive to include dogs. It will not do therefore to give a literal construction to the act. For such a construction would make it malicious mischief to kill a dog, or a cat, or any other beast in which may be held a qualified property, a thing which the Legislature never could have intended.

The Legislature intended in the passage of the above act, to protect those well known domestic animals used for food, labor and other domestic purposes, in which the owners by the common law had an absolute property; and not such as are only the subjects of a qualified property by the same law, and such as are kept for pleasure and amusement. The dog was not at common law the subject of larceny, nor was it so in England until the passage of a comparatively recent statute.

Looking to the intention of the Legislature, the court was, therefore, constrained to hold that to kill the dog of another is not an act of malicious mischief punishable under the act of 1803.

The judgment of the circuit court was therefore *affirmed*.