ROBERT E. MARBLE, APPELLEE, V. NICHOLAS SENN HOSPITAL ASSOCIATION, APPELLANT.

FILED MARCH 30, 1918. No. 19864.

1. **Charitable Institutions**: NEGLIGENCE: LIABILITY. The doctrine that a charitable institution, conducting a hospital solely for philanthropic and benevolent purposes, is not liable to inmates for the negligence of its servants does not extend to a physician who, by invitation, enters the hospital with a patient to procure a radiograph for the latter and is injured through the negligence of the X-ray operator.

2. **Appeal**: HARMLESS ERROR. Error in admitting testimony out of the regular order, if admissible later in the trial, is not sufficient ground for a reversal, where the record for review fails to show that appellant was prejudiced. *Hoskovec v. Omaha Street R. Co.*, 85 Neb. 295; *Smith v. McKay*, 90 Neb. 703.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Sullivan, Rait & Thummel*, for appellant.

*Mahoney, Kennedy, Holland & Horan*, contra.

ROSE, J.

This is an action to recover $25,000 in damages for personal injuries. On the verdict of a jury judgment

was rendered in favor of plaintiff for $8,500. Defendant has appealed.

At Omaha defendant conducts a hospital where medicine and surgery are practiced. In one of the rooms there is an X-ray machine operated by Dr. Keugle for defendant. Plaintiff, who is a practicing physician, went to the X-ray room with a patient, the little daughter of David Thimgan, to get a radiograph of the child's head. Thimgan sat on a chair in front of the X-ray machine with his daughter on his lap. While they were in the position thus indicated, plaintiff attempted to comply with a request of the operator to hold the child's head, plaintiff's own head at the time being near the wires which carry the electric currents to the X-ray tubes. After the electricity had been applied to the wires plaintiff fell to the floor, breaking his left leg. Defendant is charged with negligence in placing plaintiff where his body made a short circuit for escaping electric currents; in failing to warn plaintiff of the dangers of such close proximity to the wires; in failing to use an available appliance to keep the wires a safe distance from plaintiff; in failing to place the X-ray machine where the dangerous wires would be vertical, thus keeping them at a safe distance; in failing to provide a competent and experienced X-ray operator. Defendant denied negligence on its part, and pleaded that it is an eleemosynary institution, and as such is not liable for the negligence of its servants; that plaintiff assumed the risk of contact with the electric currents, knowing the obvious, existing dangers; that plaintiff fell in an epileptic convulsion, his injury being the result.

Defendant argues that there should have been a nonsuit on the ground that defendant is an eleemosynary institution, and that as such it is not pecuniarily liable for the negligence of its servants. This proposition is based on the following principle of law:

"A charitable institution conducting a hospital solely for philanthropic and benevolent purposes is not liable to inmates for the negligence of nurses." *Duncan v.*

*Nebraska Sanitarium & Benevolent Ass'n,* 92 Neb. 162, 41 L. R. A. n. s. 973.

In the case cited immunity from liability is limited to "inmates." The rule thus announced has the support of precedent, but in a recent opinion of the supreme court of Virginia, after an extended analysis of the cases, it was held that the doctrine of non-liability to inmates did not extend to strangers, the modern theory being as follows:

"One who at the request of a patient about to enter a hospital accompanies him to render reasonably necessary assistance is an invitee of the hospital, to whom it owes the duty of exercising ordinary care to have the premises reasonably safe." *Hospital of St. Vincent of Paul v. Thompson,* 51 L. R. A. n. s. 1025 (116 Va. 101).

In a recent article on hospitals it was said:

"The theories of the immunity of a hospital from liability on the ground of public policy and on the ground that the assets are a trust fund having been very generally rejected by the courts, and the doctrine of waiver by acceptance of benefits being applicable only to patients, the law has come to be that as to others not the recipient of the institution's charity the rule of responsibility for the negligence of its servants and agents is applied as in cases of the ordinary business corporation." 13 R. C. L. 948, sec. 12.

This view of the law conforms to correct standards of justice, and defeats the immunity pleaded in the answer of defendant.

One of the assignments of error challenges the admission of testimony that Dr. Keugle, the X-ray operator, told plaintiff he got too near the electric wire, and that it carried 250,000 volts. It is argued that the statements of this character, if made, related to acts of negligence or to transactions occurring at an earlier date, and that they had no connection with the *res gestæ* and were merely hearsay, or were declarations made by an agent without authority to bind his principal. Should the judgment be reversed because

the trial court overruled objections to testimony of this nature? An issue of fact was raised by defendant's plea that epilepsy was the proximate cause of plaintiff's fall and resulting injury. On that issue defendant called the X-ray operator, a physician, who testified that, from what he knew of conditions at the time of the accident, he was of the opinion that plaintiff had an "epileptic seizure;" that plaintiff was from twelve to fifteen inches from the wire—a safe distance; that it was not possible for a spark to jump that far; that 45,000 to 50,000 volts were generally used for such an exposure; that the X-ray machine would develop between 95,000 and 100,000 volts, but would not develop 250,000 volts. At some stage in the trial the challenged testimony was admissible to weaken conflicting testimony of the X-ray operator. For that purpose, however, the testimony assailed was not adduced in the regular order, but the record fails to show that defendant was prejudiced by the irregularity. Tested by the following rule, the assignment is overruled: Error in admitting testimony out of the regular order, if admissible later in the trial, is not sufficient ground for a reversal, where the record for review fails to show that appellant was prejudiced. *Hoskovec v. Omaha Street R. Co.,* 85 Neb. 295; *Smith v. McKay,* 90 Neb. 703.

An instruction permitting the jury to recognize as negligence the failure to provide a competent and experienced operator and the failure to provide for the safety of those around the X-ray machine is criticised as being without support in the evidence. Negligence in both particulars may fairly be inferred from the testimony. Error prejudicial to defendant has not been found in the record.

AFFIRMED.

Sedgwick, J., not sitting.