Clarence O. Rosen, Executor Under the Last Will and Testament of Albert D. Kemmer, Deceased, Appellee, v. Daniel G. Hayes and Catherine Hayes, Appellants.

## Gen. No. 36,126.

Opinion filed May 24, 1933.

HERMANN P. HAASE, for appellants.

No appearance for appellee.

MR. JUSTICE HALL delivered the opinion of the court. This is an appeal from a judgment of the municipal court of Chicago wherein it is recited "that plaintiff have and recover of and from the defendants, Daniel

1

G. Hayes and Catherine Hayes, possession of the premises described in the complaint, known as 1215 East 71st Place, and that writ of restitution issue therefor.'' There is no appearance here by plaintiff, executor under the last will and testament of Albert D. Kemmer, deceased, and no brief filed in his behalf.

In the complaint filed, it is set forth that Clarence O. Rosen, executor, etc., as such executor, is entitled to the possession of certain premises described, and that Daniel G. Hayes and Catherine Hayes, defendants, unlawfully withhold possession of, the premises. Trial was had before the court, resulting in a finding that the two defendants were guilty of the charge of unlawfully withholding possession of the premises from plaintiff, as such executor. From a judgment on such finding, this appeal is taken.

The following statement of facts was agreed to and is all the evidence offered or received in the trial of the cause:

''And the plaintiff, to maintain the issues in his behalf, introduced the following evidence, to-wit:

''If the court please, the parties hereto have agreed upon the following statement of facts:

''First: That on the 27th day of March, A. D., 1929, Albert D. Kemmer and Johan Kemmer were the owners of and in possession of the following described premises, to-wit:

''Lot Seven (7) and the West Half (W½) of lot Eight (8) in Block Five (5) in the Subdivision by John G. Shortall, Trustee, of the North·half (N½) of the North East Quarter (NE¼) of Section Twenty Six (26) Township Thirty Eight (38) North, Range Fourteen (14), East of the Third (3rd) Principal Meridian, otherwise known as 1215 East 71st Place, Chicago, Illinois, together with all improvements and appurtenances thereunto belonging.

''Second: That on the said 27th day of March A. D. 1929, the said Albert D. Kemmer and Johan Kemmer,

as parties of the first part, and Daniel G. Hayes and Catherine Hayes, defendants herein, as parties of the second part, entered into certain articles of agreement for warranty deed, which articles of agreement for warranty deed, it is agreed, may be introduced in evidence as Complainant's Exhibit No. 1, and is in words and figures, as follows:

"PLAINTIFF'S EXHIBIT 1.

"Articles of Agreement for Warranty Deed, signed by Albert D. Kemmer and Johan Kemmer, as Vendors, and Daniel G. Hayes and Catherine Hayes as Vendees, for the premises described in the Complaint by which said Articles of Agreement the vendees agree to pay the sum of $8,070.00, by assuming a first mortgage of $4,200.00 at 6% interest payable semi-annually, and falling due in about five years from date of said agreement, and the balance of $3,870.00 payable $40.00 or more, with interest at the rate of 6%, on the first of each month for 59 months, and the balance, if any, to be paid on the 60th month from date of said agreement; providing that it and a signed Warranty Deed are to be held in escrow by the Triangle State Bank, until covenants mentioned therein are complied with by the parties of the second part, at which time said Warranty Deed is to be delivered to them. Said Articles of Agreement dated the 27th day of March, A. D. 1929.

*"Third:* That immediately thereafter, Daniel G. Hayes and Catherine Hayes entered into possession of said premises and have continuously and do now occupy and have possession of the said above described premises.

*"Fourth:* That the said defendants have paid to the said Albert D. Kemmer and Johan Kemmer, on account of said contract, the various items appearing on the back of said Plaintiff's Exhibit No. 1. That

thereafter, on to-wit, the 25th day of October, A. D. 1930, the said Albert D. Kemmer departed this life, leaving a last will and testament, and said last will and testament was duly filed in the Probate Court of Cook County, Illinois; and that the plaintiff herein, Clarence O. Rosen, was nominated in said last will and testament as the executor of the estate of Albert D. Kemmer, and was duly appointed and qualified to act as such executor by the Probate Court of Cook County; and that said Clarence O. Rosen is now acting as such executor of said estate, and that said estate is still pending in the Probate Court of Cook County, Illinois; that in and by the last will and testament of the said Albert D. Kemmer (deceased), the property described in said articles of agreement for warranty deed was devised to Florence Friske, as trustee for her minor son, John Friske Hunter.

"*Fifth:* That the said defendants, Daniel G. Hayes and Catherine Hayes made default in their payments for the months of January, February, March, April, May, June, July, August, September, October, November, December, 1931, and January, 1932.

"*Sixth:* That on January 5, 1932, a certain Notice of Intention to Forfeit said articles of agreement for warranty deed was personally served upon the defendants, Daniel G. Hayes and Catherine Hayes, by the said Clarence O. Rosen, executor of the estate of Albert D. Kemmer (deceased), and that said Notice of Intention to Forfeit said articles of agreement for warranty deed was in words and figures as follows: and may be admitted in evidence as Plaintiff's Exhibit No. 2.

"PLAINTIFF'S EXHIBIT 2.

"A notice of intention to forfeit, dated January 5, 1932, addressed to Daniel G. Hayes and Catherine Hayes, in which notice it is stated that the defendants

are in default of payments for the months of January, February, March, April, May, June, July, August, September, October, November, December, 1931, and January, 1932, on a contract made with Albert D. Kemmer and Johan Kemmer, for the purchase of the property described in the Complaint; and that there is due and owing by the defendants under the terms of said contract the sum of $832.55, and states:

" 'Now, therefore, you are hereby notified that unless the sum of Eight Hundred Thirty Two and 55/100 Dollars is paid to us within 30 days from this date; together with any additional indebtedness which may accrue within said 30 days, under the terms of said contract, the said contract will be forfeited and determined and all payments heretofore made by the purchaser under the terms thereof will be retained as liquidated damages, and steps will be taken to recover possession of the said premises.'

"Signed by Clarence O. Rosen, Executor of the Estate of Albert D. Kemmer, Deceased.

"*Seventh:* That thereafter a certain Notice of Cancellation of Contract, dated February 5, 1932, was duly served upon Daniel G. Hayes and Catherine Hayes by Clarence O. Rosen, Executor of the Estate of Albert D. Kemmer (deceased), which said Notice of Cancellation of Contract was in words and figures as follows, and may be introduced in evidence as Plaintiff's Exhibit 3:

"A Notice of Cancellation of Contract dated February 5, 1932, addressed to Daniel G. Hayes and Catherine Hayes, in which it is stated that the defendants are in default for the several months stated in the Notice of Termination of Contract on the premises described in the Complaint, and that Clarence O. Rosen, Executor of the Estate of Albert D. Kemmer (deceased) has elected to terminate said contract, and states:

" 'You are accordingly hereby notified that said contract, dated March 27, 1929, between Albert D. Kemmer and Johan Kemmer, parties of the first part, and Daniel G. Hayes and Catherine Hayes, parties of the second part, all of Chicago, Illinois, has been forfeited and determined and that all payments heretofore made by you on said contract have been forfeited by your failure to continue said payments, (the last payment having been made by you on March 3, 1931, though repeated demands have been made upon you for the payments now long overdue) and also that the right to re-enter and take possession of said premises has already been or will be immediately exercised.'

"Demand for immediate possession, addressed to Daniel G. Hayes and Catherine Hayes, dated February 9, 1932, signed by Clarence O. Rosen, Executor of the Estate of Albert D. Kemmer, deceased, in which it is stated:

" 'We hereby demand immediate possession of the following described premises'—describing the premises mentioned in Complaint.

"*Eighth:* That the said Clarence O. Rosen, executor of the estate of Albert D. Kemmer (deceased), never was in possession or occupied the premises described in said articles of agreement for warranty deed, and that no contract or agreement of any kind or nature has ever been entered into between the said Clarence O. Rosen, as the executor of the estate of Albert D. Kemmer (deceased), and the defendants, Daniel G. Hayes and Catherine Hayes; and that said Daniel G. Hayes and Catherine Hayes, defendants, have at no time paid to the said Clarence O. Rosen, as executor of the estate of Albert D. Kemmer (deceased), any sum or sums of money whatsoever under or by virtue of the terms of the said articles of agreement for warranty deed.

*"Ninth:* That the said will of said Albert D. Kemmer (deceased) was filed in the Probate Court of Cook County on the 8th day of June, A. D. 1931.

*"Tenth:* That the said Clarence O. Rosen was appointed executor of the estate of Albert D. Kemmer (deceased), by the Probate Court of Cook County, on the 14th day of August, A. D. 1931.

*"Eleventh:* That all of the heirs of the said Albert D. Kemmer (deceased) are unknown.''

The contract under which the defendants entered into possession of the premises in question was made between defendants and Albert D. Kemmer (deceased) and Johan Kemmer.

By the terms of the will of decedent, Albert D. Kemmer, it is provided that upon decedent's death, the title to this real estate should vest in one Florence Friske, as trustee for her minor son, John Friske Hunter. The suit in the municipal court is brought by the executor, etc. of Albert D. Kemmer, deceased. The stipulation recites that this executor was never in possession of the premises in question, and that no agreement of any kind had ever been entered into between defendants and plaintiff, and that at no time has such plaintiff been considered as a party to or interested in the agreement between decedent, Albert D. Kemmer, and the defendants.

In *Ryan v. Duncan,* 88 Ill. 144, the Supreme Court said, page 146:

''The administrator is the sole representative of the personal estate, but not of the real property. The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts. This court has repeatedly decided, that an administrator takes neither an estate, title nor interest in the realty, and that he can not support any possessory or real action, in law or equity, for the recovery or maintenance of

possession or title, or to clear up title from clouds from adverse claims; that, if necessary to sell for the payment of debts, he must take the estate as he finds it, and if incumbered, or there be clouds upon the title, sell it subject thereto. *Stone v. Wood,* 16 Ill. 177; *Smith v. McConnell,* 17 id. 135; *Walbridge v. Day,* 31 id. 379; *Phelps v. Funkhouser,* 39 id. 402; *Cutter v. Thompson,* 51 id. 390; *Le Moyne v. Quinby, et al.,* 70 id. 399; *Gridley v. Watson,* 53 id. 186.''

In the instant case, upon the death of Albert D. Kemmer, by the terms of his will, the title, and, upon a breach of the contract, the right of possession, to the premises in question became vested in Florence Friske, trustee, as shown by the stipulation, subject only to the debts of the decedent, and the plaintiff herein has no legal right to maintain an action for possession of this property.

The judgment is reversed.

*Reversed.*

WILSON, P. J., and HEBEL, J., concur.