## HUGHES v. PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE.

### No. 88895.

District Court of the United States for the District of Columbia.

June 4, 1940.

868

Emmett L. Sheehan and Maurice H. Lanman, Jr., both of Washington, D. C., for plaintiff.

Henry I. Quinn, of Washington, D. C., for defendant.

PROCTOR, Justice.

The plaintiff, Susan M. Hughes, was seriously and permanently injured in Georgetown University Hospital while about her duties as a nurse specially employed by a paying patient. A jury by special verdict found the injury to have resulted from negligence of a student nurse in the regular employ of the hospital. The defendant corporation is an eleemosynary institution. The hospital is one of the charitable activities conducted by it. An insurance policy protects defendant from any loss legally imposed in a tort action to the extent of $25,000, besides the costs of defense.

Several defenses are urged against a judgment upon the verdict. The basic contention is made that defendant as a charitable institution is altogether immune from liability for torts of its employees in the course of their work, and alternatively that the plaintiff was a beneficiary of the charity and as such excluded from recovery against the institution.

The argument for total immunity hinges upon the early English rule, based upon the so-called "trust fund theory" that recognition of liability would operate to wrongfully divert trust funds donated for charity. Duncan v. Findlater, 6 C. & F. 894, Feoffees of Heriot's Hospital v. Ross, 12 C. & F. 507, Holliday v. Vestry of St. Leonard, 11 C.B., N.S., 192. The doctrine found some support in this country led by the Supreme Court of Massachusetts in McDonald v. Massachusetts General Hospital, 120 Mass. 432, 21 Am.Rep. 529. It has met with favor by this court. Mattson v. Columbia Hospital, Law 65825, Bauer v. Childrens' Hospital, Law 73184, Sundheimer v. Georgetown College, Law 83333. However, there is no controlling decision in this jurisdiction. The theory upon which the rule is grounded requires its universal application. It admits of no exception. Recipients of the charity and strangers thereto must be treated alike. All are barred. Hamburger v. Cornell University, 240 N.Y. 328, 338, 148 N.E. 539, 42 A.L.R. 955; Andrews v. Y. M. C. A., Iowa, 284 N.W. 186, 189. The doctrine met with opposition in England and was finally repudiated by the House of Lords in the related cases of Mersey Docks, etc., and Gibbs v. Pierce, 11 H of L. Cases 686. It has often been severly criticised and rejected in this country. Andrews v. Y. M. C. A., supra, 284 N.W. 189 and cases cited. Our courts have turned to other and varying theories which, in their final analysis, appear to rest upon the dictates of public policy. Ettlinger v. Trustees of Randolph Macon College, 4 Cir., 31 F.2d 869, 870. A review of American cases shows a steady tendency to draw away from the concept of total immunity by distinguishing between beneficiaries and strangers to the charity. Thus, today we find the great weight of authority exempting charitable institutions from liability to recipients of the benefits extended by a charitable institution. Judge Parker says in the case just cited, "It is significant that almost without exception the courts, while giving different reasons for the rule, have not hesitated to apply it where the one seeking to enforce liability against a charitable institution is one who has accepted benefits from it." 31 F.2d at page 872. See also Andrews v. Y. M. C. A., supra, 284 N.W. at page 192, 10 Amer. Jur. p. 692. Strong considerations of natural justice dictate that one who receives and succors the sick and injured ought not be mulcted in damages by the recipient of his kindness for some careless act of a servant. Upon this concept has grown the idea of differentiating between beneficiaries and non-beneficiaries, so that today the

great weight of authority favors immunity only as against beneficiaries of a charity. Thus a principle has been established which I am convinced is sound and just. I do not think immunity should go further. I agree with the second circuit court of appeals that "whatever may be the correct doctrine where the injured plaintiff is a recipient of the bounty of an eleomosynary institution, * * * we have no difficulty in deciding that irresponsibility should not be extended to the tortious infliction of damage upon strangers." Henry W. Putnam Memorial Hospital v. Allen, 2 Cir., 34 F.2d 927, 929.

The present case then is reduced to the question was plaintiff a stranger to the charity? For the defendant it is argued that the patient employing plaintiff was a beneficiary, hence she, the nurse, partook of the same status. There are cases, however, which hold the hospital liable to a paying patient. It is also argued that by allowing plaintiff to come upon and use the premises to carry on her vocation as a nurse she was given a distinct advantage by the hospital, which independently of her relationship to the patient put her in the category of a beneficiary. Assuming, though not deciding, that the patient was a beneficiary it does not follow that a like relationship attaches to the nurse. The hospital was established and maintained to provide "care and medical attention for suffering humanity". It was not established or conducted to afford a place of employment for trained nurses. They were not the objects of its beneficent efforts. The patients were. Extension of the facilities of the institution to nurses, called in to attend particular patients who could afford the expense, was but a reasonable, if not necessary incident in so conducting the institution as to best carry out the charitable intent. It was a method commonly adopted to make a hospital of greatest service to suffering human beings who have been taken in for care and treatment. Like regular employees, the presence of trained nurses specially employed by individual patients is essential to a hospital in seeking to fulfil its merciful aims. The cases strongly support the view that employees of a hospital are not beneficiaries but strangers to the charity. 10 Amer.Jur. 703. By what logic then can special nurses be put in the opposite class? I think a contrary view results from failure to keep clearly in mind the particular charitable purpose of the institution and the persons who fall directly within the particular class for whom the benefactions are intended. They only should be treated as beneficiaries. Others are strangers to the charity, even though incidental circumstances may bring them into some relationship or contact with its activities. Thus in Sisters of Charity, etc., v. Duvelius, 123 Ohio St. 52, 173 N.E. 737, a special nurse was held to be a stranger to the charity. Likewise in Marble v. Nicholas Senn Hosp., etc., 102 Neb. 343, 167 N.W. 208, as to a doctor attending a patient; Cohen v. General Hosp., etc., 113 Conn. 188, 154 A. 435, as to visiting husband; McLeod v. St. Thomas Hosp., 170 Tenn. 423, 95 S.W.2d 917, as to visiting wife; Hosp., etc., v. Thompson, 116 Va. 101, 81 S.E. 13, 51 L.R.A.,N.S., 1025, as to a friend accompanying patient to hospital. See also the very recent case of Andrews v. Y. M. C. A., Iowa, 284 N.W. 203, as to a carpenter employed by the W. P. A. temporarily working in a building of the charitable institution. This opinion elaborately discusses the whole subject of the liability of charitable institutions for negligence of employees. In preparing this memorandum no attempt has been made to list all cases bearing upon the points involved, for they are very numerous. Many are reviewed in the Andrews case.

It is further contended that the proof failed to show negligence on the part of defendant's employee and did show negligence by the plaintiff which either was the sole cause of the accident or a contributing factor, hence that a verdict should have been directed for defendant. These questions were carefully considered before submitting them to the jury upon the special interrogatories. I still think the evidence raised substantial issues of fact upon these matters; therefore that they were properly left to the jury.

The question arising out of the fact that defendant is protected by liability insurance involves consideration of vital contract rights and fundamental principles of law and justice. In view of conclusions reached in plaintiff's favor it becomes unnecessary to deal with that question now.

Judgment will be entered for plaintiff for the amount of damages found by the jury, with usual costs.

So ordered.