PITMAN, J.
In 1978, Defendant Calvin Ray Palmer, who was a juvenile at the time of this offense, was convicted of second degree murder and sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for the first 40 years. However, in accordance with Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the trial court resentenced Defendant to life imprisonment at hard labor, with the benefit of parole eligibility. He now appeals. For the following reasons, Defendant's sentence is affirmed.
FACTS
On February 27, 1978, 17-year-old Defendant was indicted on one count of second degree murder, in violation of La. R.S. 14:30.1. Following a jury trial, he was found guilty of the January 28, 1978 shooting death of Shelly Diggs. On November 20, 1978, the trial court imposed the mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for the first 40 years. Defendant did not appeal his conviction or sentence.
On February 8, 2017, Defendant filed a pro se motion to correct an illegal sentence, arguing that his mandatory life sentence *662 was unconstitutional under Miller , supra , and Montgomery , supra , because he was a juvenile when the crime was committed. Counsel was appointed to represent him. The state did not oppose his motion. On April 27, 2017, the trial court resentenced Defendant to life imprisonment at hard labor, with the benefit of parole eligibility. This appeal followed.
DISCUSSION
Defendant argues that the trial court erred in failing to hold a sentencing hearing to consider any possible mitigating factors prior to resentencing and that automatically resentencing him to life imprisonment with the benefit of parole does not take into account the need for individualized sentencing. He further argues that the sentence is excessive, even though it falls within the statutory guidelines, and that the trial court has the authority to deviate from a mandatory sentence.
For those offenders convicted of second degree murder in 1978, La. R.S. 14:30.1 provided for a sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for the first 40 years. The current version of La. R.S. 14:30.1 provides for a sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. In Miller , supra , the U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, a sentencing court is required to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. Montgomery , supra ; State v. Williams , 12-1766 (La. 3/8/13), 108 So.3d 1169.[1]
In response to Miller , supra , the Louisiana legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013. When enacted, La. C. Cr. P. art. 878.1 required a trial court to conduct a hearing prior to imposing a life without parole sentence on a juvenile murder defendant. In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provided the conditions, such as serving 35 years of the sentence imposed, which must be satisfied before the defendant can apply to the parole board for parole consideration.
In Montgomery , supra , the U.S. Supreme Court held that Miller applied retroactively; and, in addressing concerns that the retroactive application of Miller would place an undue hardship on states, the Court stated:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be *663 forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of Miller 's central intuition-that children who commit even heinous crimes are capable of change. [ 136 S.Ct. at 736, emphasis added.]
On remand, the Louisiana Supreme Court held that absent new legislation to the contrary, courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller , supra. State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606.
This court and the third circuit have addressed and rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional in light of the requirements of Miller , supra. State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 14-2205 (La. 6/5/15), 171 So.3d 945, cert. denied , --- U.S. ----, 136 S. Ct. 254, 193 L.Ed.2d 189 (2015).
In State v. Doise , 15-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 16-0546 (La. 3/13/17), 216 So.3d 808, the defendant, a juvenile at the time he murdered his foster mother, pled guilty to second degree murder and was sentenced by agreement of the parties to life imprisonment with parole eligibility after the defendant served 35 years of his sentence. On appeal, the defendant alleged that La. C. Cr. P. art. 878.1 was unconstitutional in light of Miller , supra , because article 878.1 still provides for an automatic sentence without parole, probation or suspension of sentence, with parole eligibility only occurring after a defendant serves 35 years of his sentence. The defendant further asserted that because "Louisiana does not often, if ever, release people convicted of homicide on pardon or parole," mere access to the Parole Board for consideration of parole failed to comply with Miller , supra . The defendant also complained that he should have been granted a sentencing hearing to consider the factors set forth in Miller , supra , and that the failure to conduct such a hearing was unconstitutional. The court found no merit in the defendant's claims. The court noted that in Fletcher , supra , this court upheld the constitutionality of La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E). Additionally, as to the defendant's argument that the mere possibility of parole was inadequate to satisfy Miller , supra , the court explained:
The Attorney General also argues that the argument raised by Defendant-the mere possibility of parole is not sufficient to satisfy Miller -has already been rejected in principle by the Louisiana Supreme Court. In State v. Shaffer , 11-1756 (La. 11/23/11), 77 So.3d 939, the supreme court addressed the United States Supreme Court case of Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L. Ed. 2d 825 (2010), in which the Supreme Court held that a juvenile who commits a non-homicide offense cannot be sentenced to life without parole. After the Graham decision, Louisiana defendants who had been convicted of aggravated rapes committed when they were under the age of eighteen sought to have their life sentences set aside and to be resentenced. Shaffer , 77 So.3d 939. Rather than remand for resentencing, the Louisiana Supreme Court simply amended the life sentences to delete the restriction on parole eligibility. Id. The *664 supreme court clarified its holding as follows:
We reiterate that this Court is not ordering relators released on parole. The determination of whether relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole "only for the best interest of society, not as an award of clemency." La. R.S. 15:574.4.1(B). Access to the Board's consideration will satisfy the mandate of Graham.
Id. at 943.
In his brief, the Attorney General argues that he fails to see how life with the possibility of parole is a permissible alternative for juveniles who have committed non-homicide offenses but is not a permissible alternative for juveniles who have committed homicide offenses. We agree. Under Graham , a juvenile who commits a non-homicide offense punishable by life imprisonment must be eligible for parole. Graham , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825. However, as the Louisiana Supreme Court held in Shaffer , the juvenile may not be released on parole unless the Board of Parole decides to release him. Shaffer , 77 So.3d 939. Thus, in reality, a juvenile who commits a non-homicide offense punishable by life in Louisiana is only promised the possibility of being released on parole. It stands to reason that a juvenile who commits a homicide offense punishable by life imprisonment should be granted no greater relief. As the Attorney General points out, if the mere possibility of being released on parole is sufficient to satisfy the mandatory parole eligibility established in Graham for juvenile non-homicide offenders, the mere possibility of being released on parole is more than sufficient to satisfy the chance of parole eligibility after a hearing established in Miller for juvenile homicide offenders. As the Louisiana Supreme Court held in Shaffer regarding Graham , the mere access to the Board of Parole's consideration satisfies the mandates of Miller.
185 So.3d at 342. See also State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903 ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 ; State v. Kelly , 51,246 (La. App. 2 Cir. 4/5/17), 217 So.3d 576.
As an initial note, Miller , supra , arguably does not apply to the case at bar because Miller , supra , prohibited a court from imposing a life sentence without the possibility of parole for a juvenile homicide offender. Defendant's original sentence was life imprisonment with the benefit of parole after the first 40 years.[2] That sentence is similar in nature to the relief now granted to juvenile offenders under La. R.S. 15:574.4(F), which provides that any person serving a sentence of life imprisonment for a conviction of second degree murder ( R.S. 14:30.1 ) who was under the age of 18 years at the time of the commission of the offense and whose indictment for the offense is on or after August 1, 2017, shall be eligible for parole after conditions have been met, including that he has served 25 years of the sentence imposed. However, in the instant case, the trial court resentenced Defendant to life imprisonment with the benefit of parole under Miller , supra.
On appeal, Defendant argues only that he was entitled to a hearing and the imposition of an individualized sentence; however, Miller , supra , did not impose such a requirement in cases where parole *665 eligibility was permitted. In Miller , supra , the U.S. Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. See Miller , supra. The sole question to be answered in a Miller hearing is whether the defendant is eligible for parole.
This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the sentence of Defendant Calvin Ray Palmer is affirmed.
AFFIRMED.

Miller , supra , drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption. Life without parole can be a proportionate sentence only for the latter.

Defendant has already served 39 years of his original sentence, so he would soon be eligible for parole regardless of the trial court's resentencing.