Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,248-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

CHARLES CLEMONS                                       Appellant

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 24119

Honorable Thomas Wynn Rogers, Judge

* * * * *

CAREY J. ELLIS, III                          Counsel for Appellant

CHARLES CLEMONS                              Pro Se

JEFFREY M. LANDRY                            Counsel for Appellee
Attorney General

JOHN MICHAEL RUDDICK
JOHN TAYLOR GRAY
Assistant Attorney Generals

* * * * *

Before GARRETT, STONE, and THOMPSON, JJ.

**STONE, J.**

This criminal appeal arises from the Third Judicial District Court, Lincoln Parish, the Honorable Thomas W. Rogers presiding. In November of 1976, Charles Clemons ("Clemons") pled guilty to second degree murder and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the first 40 years. In accordance with *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and *Montgomery v. Louisiana*, ___U.S.___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), Clemons was resentenced to life with parole eligibility. Clemons was granted an out-of-time appeal, and seeks review of his sentence. For the following reasons, we affirm.

## FACTS

The record shows that Clemons was indicted for the August 26, 1976, first degree murder of J.W. Sandifer ("Sandifer"), committed when Clemons was 17 years old.[1] Clemons was charged with killing Sandifer after robbing and shooting him while the two were alone in rural Lincoln Parish. A sanity commission was ordered by the trial court, and Clemons was found competent to stand trial and to assist counsel in his defense. On November 19, 1976, Clemons pled guilty to second degree murder as charged by amended indictment. He was sentenced as a first-felony offender by the trial Court "in accordance with the statute to life imprisonment."[2] The case

---

[1] At Clemons' January 17, 2017, resentencing hearing, the state conceded that Clemons was a juvenile at the time of the offense.

[2] The copies of the transcript of Clemons' November 19, 1976, guilty plea contained in the record do not contain the sentencing portion of the transcript which the minutes show occurred on that date. Nevertheless the transcript shows that as part of his plea, Clemons agreed that by pleading guilty, he would be sentenced to life and would not be eligible for parole, probation or suspension of sentence for a period of 40 years.

minutes show that on the day of his guilty plea, Clemons was sentenced to life and was not "eligible for parole, probation or pardon for a period of 40 years."

On October 31, 2016, Clemons filed a "Motion Pursuant to C. Cr. P. art. 882(A) To Correct An Illegal Sentence," pursuant to *Miller/Montgomery*.[3] Clemons argued that his sentence was illegal and that under *Miller/Montgomery* he should be sentenced to a term less than life. Specifically, Clemons argued that he should be sentenced to a term of years specified for manslaughter, the next lesser included offense, which in 1976 carried a maximum sentence of 21 years at hard labor, and that he should be released.

Clemons' motion to correct illegal sentence was heard on January 17, 2017. Clemons was present and represented by counsel. Following a "meeting in chambers," the trial court noted that the state and defense had "come to an agreement on this," and that the state had provided the defense "with an order of the Court." The defense indicated its agreement to the sentence "with that stipulation based on this order," but "with certain amendments." The state addressed the trial court as follows:

> We're here today for a Re-Sentencing of Mr. Clemons who is presently serving a life sentence for a homicide committed when he was a—when he was a juvenile. And under the U.S. Supreme Court decision in *Miller versus Alabama*, he is entitled to be re-sentenced. And I believe we're going to stipulate to the Court pursuant to 878.1 of Code of Criminal Procedure that Mr. Clemons be re-sentenced to life imprisonment with the eligibility of parole pursuant to 15:574.4(E) and that the Court is going to sign a judgment to the affect with the additional language that the Court

---

[3] The record shows that Clemons had filed several unsuccessful applications for post-conviction relief and motions to correct illegal sentence with the trial court.

2

recommends that once Mr. Clemons is qualified under 574.4(E) for parole consideration that the Parole Board give him a hearing as quickly as possible.

***

The trial court did not orally amend Clemons' sentence or resentence him, instead stating that it would "incorporate that language in the final Order of the Court," which was signed on the day of the hearing and filed on January 12, 2017. In the written order, the trial court stated in relevant part:

> After a thorough review, the parties agree that the Defendant's sentence of life shall be imposed with eligibility for parole consideration pursuant to the provisions of La. R.S. 15:574.4(E).
>
> WHEREFORE, the Defendant's Motion to Correct an Illegal Sentence is GRANTED and the Defendant is hereby sentenced to life with eligibility for parole consideration consistent with La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E). As soon as the Defendant satisfies the eligibility requirements of the aforesaid statu[t]es, it is the recommendation and request of the Court that the Parole Board schedule a hearing as soon as possible to consider getting the Defendant parole. This is in consideration of the 41 years the defendant has already served under the original sentence.

This appeal followed.[4]

## DISCUSSION

Clemons raises only an excessive sentence claim, arguing that the trial court failed to consider mitigating factors, including the fact that Clemons has completed many self-help programs, accepted responsibility for his

---

[4] Clemons filed an untimely "Motion to Reconsider Sentence," and a "Motion to Withdraw Guilty Plea," on May 6, 2019. In the May 9, 2019 order of appeal, the trial court stayed any action on these motions during the pendency of the appeal. On July 29, 2019, Clemons filed a "Motion to Lift Stay Issued on May 9, 2019," which the trial court denied on August 6, 2019. No issue is raised in this appeal regarding these actions of the trial court. Further, the absence of a ruling on a motion to reconsider sentence does not affect this Court's ability to consider the constitutional excessiveness of a defendant's sentence on appeal. See *State v. Whitaker*, 52,533 (La. App. 2 Cir. 2/27/19), 266 So. 3d 526.

actions and expressed remorse prior to resentencing.[5]  Additionally, Clemons contends that he has been rehabilitated by his many years of incarceration and has apologized to the victim's family.  Ultimately, Clemons argues that based upon these facts, a downward departure from the mandatory life sentence was justified under *State v. Dorthey*, 623 So. 2d 1276 (La. 1993).

In his *pro se* brief, Clemons raises a claim that his guilty plea was constitutionally infirm because the trial court failed to inform him of his Eighth Amendment right "as announced by *Miller* and *Montgomery*." Clemons argues that these cases have expanded *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), to include a "fourth" right to a *Miller* sentencing hearing which must be waived during a guilty plea involving a juvenile.

The state argues that this Court has consistently held that the sole question to be answered at a *Miller* hearing is whether the defendant should be given parole eligibility.  There is no consideration of whether a downward departure from the mandatory life sentence is justified, and in fact, that such an inquiry is procedurally barred.

---

[5] At the time of Clemons' resentencing, the legislative response to *Miller/Montgomery* was not yet in place.  Under La. R.S. 15:574.4(B), as it read at that time, it appears that Clemons was not entitled to parole eligibility because he had a life sentence.  Accordingly, a judicial pronouncement of parole eligibility for a defendant in Clemons' position appears to have been proper.  Effective November 1, 2017, however, La. R.S. 15:574.4(H) was enacted to specifically address those defendants convicted of second degree murder between 1973 and 1979 to provide for parole eligibility after 40 years.  See also *State v. Palmer*, 51,840 (La. App. 2 Cir. 1/10/18), 246 So. 3d 660; *State v. Brooks*, 52,334 (La. App. 2 Cir. 11/14/18), 260 So. 3d 713, *writ denied*, 18-2031 (La. 4/15/19), 207 So. 3d 1121; *State v. Lewis*, 17-0651 (La. App. 4 Cir. 4/18/18), 244 So. 3d 527; *State v. Thomas*, 17-620 (La. App. 3 Cir. 12/6/17), 258 So. 3d 17.

In *Miller,* the United States Supreme Court specifically held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," finding instead the sentencing court must first hold a hearing to consider mitigating factors, such as the defendant's youth, before imposing this severe penalty. Upon giving *Miller* retroactive effect in *Montgomery*, the United States Supreme Court stated:

> *Miller*'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution. Giving *Miller* retroactive effect, moreover, does not require States to relitigate [*sic*] sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. *A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. . . .* Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
> *Id.* at 736 (emphasis added, citations omitted).

In furtherance of *Miller'*s mandate, the Louisiana legislature enacted La. C. Cr. P. art. 878.1, which states that the hearing is "to determine whether the offender's sentence should be imposed with or without parole eligibility." La. C. Cr. P. art. 878.1(B)(1). The legislature also enacted La. R.S. 15:574.4, to provide the conditions for such parole eligibility.

The sole question to be answered in a *Miller* hearing is whether the defendant should be eligible for parole, and the trial court considers only whether the mandatory sentence should include parole eligibility. *Brooks, supra; State v. Thompson*, 51,674 (La. App. 2 Cir. 11/15/17), 245 So. 3d 302; *State v. Jackson*, 51,527 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1093, *writ*

5

*denied*, 17-1540 (La. 5/25/18), 243 So. 3d 565. Accordingly, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. *Brooks*, *supra; State v. Brown*, 51,418 (La. App. 2 Cir. 6/21/17), 273 So. 3d 442, *writ denied*, 17-1287 (La. 4/27/18), 241 So. 3d 306; *Jackson*, *supra.*

Moreover, while it is procedurally appropriate for this Court to review a defendant's illegal sentence claim under *Miller* and its progeny, this Court has held that a post-conviction claim of excessive sentence is procedurally barred and outside of the scope of this Court's *Miller* review. *Brown*, *supra*; *State v. Plater*, 51,338 (La. App. 2 Cir. 5/17/17), 222 So. 3d 897, *writ denied*, 17-1021 (La. 5/11/18), 241 So. 3d 1009, and *writ denied*, 17-1190 (La. 5/11/18), 241 So. 3d 1013. See also, *State ex rel. Morgan v. State*, 15-0100 (La. 10/19/16), 217 So. 3d 266.

Clemons' argument that his sentence is excessive is without merit. The sole question to be answered in a *Miller* hearing is whether the defendant should be eligible for parole. Thus, the trial court considers only whether the mandatory sentence should include parole eligibility. The issue of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor is not before the Court. Moreover, while it is procedurally appropriate for this Court to review a defendant's illegal sentence claim under *Miller* and its progeny, this Court has held that a post-conviction claim of excessive sentence is procedurally barred and outside of the scope of this Court's *Miller* review. In this matter, Clemons received the mandatory minimum sentence available to him and he properly received a life sentence with parole eligibility under *Miller/Montgomery.*

6

Likewise, Miller's *pro se* argument is without merit. As discussed herein, *Miller* held only that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," and *Montgomery* made this holding retroactive. These cases nowhere add a fourth right to *Boykin v. Alabama*, *supra*, which must be waived during a juvenile's guilty plea. Thus, Clemons' *pro se* argument is meritless.

*Error Patent*:

We also find that the record does contain one error patent – the trial court failed to orally pronounce Clemons' sentence in open court. The record shows that at Clemons' January 17, 2017 resentencing hearing, the trial court neglected to orally pronounce sentence in open court as required by La. C. Cr. P. art. 871(A) which reads as follows:

> A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt. Sentence shall be pronounced orally in open court and recorded in the minutes of the court.
>                                    ***

The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to ensure the defendant is apprised of the punishment imposed. *State v. Young*, 18-858 (La. App. 3 Cir. 5/15/19), 271 So. 3d 422; *State v. Kinchen*, 11-9 (La. App. 3 Cir. 6/8/11), 71 So. 3d 344. The failure of the trial court to orally pronounce sentence in open court as required by La. C. Cr. P. art. 871(A) is error patent. *Young*, *supra*; *Kinchen*, *supra*. Such an omission has been held to be harmless error however, where the record demonstrates that the defendant acknowledged the terms of a plea agreement. *Kinchen*, *supra*; *State v. Portalis*, 99-1807 (La. App. 3 Cir. 5/3/00), 775 So. 2d 710. In both of these

7

cases, the court noted that Article 871 is *a statutory rather than a constitutional requirement*.

In contrast, *Young, supra*, involved resentencing in which the trial court issued a written ruling maintaining its previous sentence. The court minutes and the transcript from the resentencing hearing showed that the trial court ordered its previously filed written ruling be made the sentence of the court. Because the trial court failed to orally state for the record in the defendant's presence the reasons for the sentence or the actual sentence, the court found the trial court's action to be "insufficient" to comply with Article 871, and vacated the sentence and remanded for resentencing.

In the matter *sub judice*, it is first observed that amendment of Clemons' sentence to delete parole eligibility is appropriate. *Brown*, *supra.* Here, although the trial court neglected to vacate Clemons' sentence and resentence him to life with benefits, because no change in the life term occurred, the trial court's imposition of parole eligibility would technically constitute an amendment of Clemons' sentence. Even so, the notice requirements of Article 871 would arguably apply to give Clemons notice of the amendment of his sentence. Because in this matter, however, the parties agreed to the terms of Clemons' resentencing and the terms of the agreement were stated for the record in the presence of Clemons, this case is closely analogous to the facts in both *Kinchen*, *supra,* and *Portalis, supra*. In these circumstances, because the purpose underlying Article 871's requirements has been satisfied, we find that any failure by the trial court to orally amend Clemons' sentence in open court is harmless and remand for resentencing is not necessary.

## CONCLUSION

For the foregoing reasons, Clemons' sentence is affirmed.

**AFFIRMED**.