DENNIS, Justice.*
The issue presented by this case is whether the Louisiana Public Service Commission acted reasonably in its factual determination that South Louisiana Electric Cooperative Association’s facility was duplicative of the service that could have been furnished a consumer by Central Louisiana Electric Company, Inc.’s existing electric line in an economical and justifiable manner.
In these proceedings, South Louisiana Electric Cooperative Association (“South Louisiana”) seeks judicial review of an order of the Louisiana Public Service Commission. The order resulted from a complaint filed with the Commission by Central Louisiana Electric Company, Inc. (“Central Louisiana”), intervenor in these judicial proceedings. Central Louisiana there claimed that, in violation of a Commission general order, South Louisiana had constructed duplicative facilities to serve a' customer that could be served from Central Louisiana’s facilities already in existence in an economical and justifiable manner.
South Louisiana appealed to the district court for judicial review of the Commis *856 sion’s adjudication of this dispute in favor of Central Louisiana, which ordered that the complaint by Central Louisiana be sustained. The district court upheld the order, following which South Louisiana now appeals directly to this Court. La.Const.1974, art. 4, § 21(E).
The Louisiana Public Service Commission general order dated March 12,1974 regulating “duplication of electric service” has been upheld by this Court against various constitutional attacks. Louisiana Power & Light Co. v. Louisiana Public Service Commission, 343 So.2d 1040 (La.1977). The order, in pertinent part, provides:
“That no extension of electric transmission or distribution lines shall be made by an electric public utility that will duplicate the transmission and distribution lines (as defined in Louisiana Revised Statutes 45:123) of another like utility, nor shall extensions be made to serve customers that could be served from such electric public utility facilities already in existence in an economic and justifiable manner. If a public utility, for good cause, refuses to serve a prospective customer within its service area, another like utility may serve the said customer upon written authority of this Commission.”[1]
South Louisiana attacks the Commission’s factual determination that the general order was violated by that utility in the instant case.
The orders of the Commission are entitled to great weight and are not to be overturned unless shown to be arbitrary, capricious or abusive of its authority. South Central Bell Telephone Co. v. Louisiana Public Service Commission, 352 So.2d 964 (La.1977); Louisiana Power & Light Co. v. Louisiana Public Service Commission, 343 So.2d 1040 (La.1977); Louisiana Oilfield Carriers Ass’n., Inc. v. Louisiana Public Service Commission, 281 So.2d 698 (La.1973). A person attacking a Commission order bears the burden of demonstrating that it is defective, since the order is presumed to be valid. Louisiana Power & Light Co. v. Louisiana Public Service Commission, supra; Louisiana Oilfield Carriers Ass’n., Inc. v. Louisiana Public Service Commission, supra. Commission decisions will not be disturbed unless found to be clearly erroneous or unsupported by evidence. South Central Bell Telephone Co. v. Louisiana Public Service Commission, supra; White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971); Monochem, Inc. v. Louisiana Public Service Commission, 253 La. 1047, 221 So.2d 504 (1969).
As the district judge noted in his excellent reasons for judgment, a cursory inspection of the exhibits introduced by both utilities reveals the paralleling and duplication of existing electric lines and the extension of lines by South Louisiana to serve customers readily accessible to facilities of Central Louisiana already providing service in the immediate area. The hearing transcript contains ample testimony by an expert witness to show that Central Louisiana could serve the consumer in question from its existing facilities in an economic and justifiable manner. The exhibits together with the expert’s testimony support the Commission’s finding that service to the consumer in question could have been provided by Central Louisiana in a more economical and justifiable manner than the service provided by South Louisiana.
Although South Louisiana introduced countervailing expert testimony, it was not of such quantity or persuasiveness as to show that the Commission’s factual determinations were arbitrary, capricious or abusive of its authority. Therefore, under accepted principles of judicial review, this Court may not substitute its judgment for the Commission’s and overturn such non-arbitrary ruling, which we find to be fully supported by the evidence.[2]
*857 Accordingly, the judgment of the district court, which dismissed the plaintiff’s petition to overturn the Commission’s order, is affirmed at the cost of the plaintiff-appellant, South Louisiana Electric Cooperative Association.
AFFIRMED.

 Chief Judge William A. Culpepper participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.

. The full text of the order is set forth at Appendix 1, 343 So.2d 1046.

. In affirming the Commission’s order, the district court approved the agency’s finding that South Louisiana had violated La.R.S. 45:123 by the creation of a preemptive line and that the utility disobeyed the Commission’s general order regulating promotional practices. Because we have concluded that the Commission acted *857 reasonably in finding that South Louisiana violated its general order regulating duplication of electric service, it is not necessary that we consider whether there were other independent grounds which would support the Commission’s order.