953 So.2d 794 (2007)
WASHINGTON ST. TAMMANY ELECTRIC COOPERATIVE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
Nos. 2006-CA-2814, 2007-CA-109.
Supreme Court of Louisiana.
April 11, 2007.
*795 Phelps Dunbar, Kyle Christian Marionneaux, John Owen Shirley, Sr., Baton Rouge, Amanda Hurt Smith, Eve Kahao Gonzalez, for Applicant in No. 2006-CA-2814 and Appellee in No. 2007-CA-109.
Sharp Dooley, John Malone Sharp, Stephen H. Shapiro, Baton Rouge, for Appellee in No. 2006-CA-2814 and Appellant in No. 2007-CA-109.
PER CURIAM.
This case is before the court on direct appeal[1] from a district court judgment affirming a ruling by the Louisiana Public Service Commission (LPSC) finding Washington St. Tammany Electric (WST) in contempt, but reducing the fine imposed to $500. The matter originated as a complaint filed by one electric utility alleging another electric utility violated the so-called "300 foot rule."[2] The Rules of Practices and Procedures of the Louisiana Public Service Commission govern the procedural manner by which this matter is to be resolved before the LPSC. The fundamental issue before this court involves a ruling by an administrative law judge on an exception covered by the provisions of Rule 55(q) rather than a ruling based on the provisions of Rule 67.
For reasons that follow, we vacate the judgment of the district court and the contempt proceeding before the LPSC. The matter is remanded to the LPSC for consideration of the administrative law judge's ruling on the exception filed by Cleco Power, L.L.C. (Cleco) in response to *796 WST's petition for de novo review of the staff opinion dated March 30, 2004.

FACTS AND PROCEDURAL HISTORY
During November 2003, Cleco filed a complaint against a competing electric utility, WST, claiming WST had extended service to Syntex Concorde Medical Building in violation of LSA-R.S. 45:123 and general orders of the LPSC relating to the 300 foot rule. The LPSC staff rendered an opinion that was unfavorable to WST. On the fourteenth day following the staff opinion, WST initiated a de novo proceeding before the Executive Secretary. The petition was faxed, followed by filing of a hard copy the next day. The matter was referred to the Administrative Hearing Division by the Secretary. Subsequently, Cleco filed an exception of prescription[3] claiming the petition was prescribed as it had not been timely filed. Cleco argued that fax filings were only allowed under Rule 61 with permission of the administrative law judge. Following a hearing on the exception, on May 10, 2004, the administrative law judge concluded that the staff opinion dated March 30, 2004, was final as no party timely sought review. The decision on the exception, which resulted in the dismissal of the action, was not submitted to the Commissioners as required by Rule 55(q).
Initially, since the issue involved an alleged violation of the 300 foot rule, Part XIV, Special Procedures, of the LPSC's rules applied to the dispute. Part XIV contains only one ruleRule 67. In accordance with Section A of Rule 67, regarding pre-adjudication procedure, the dispute was assigned to a staff team for investigation following which the team was to prepare an opinion. The staff opinion was issued on March 30, 2004. According to the special procedures for adjudication of a violation of the 300 foot rule, the opinion becomes a final Commission action on the fourteenth day after issuance unless a de novo proceeding is initiated in accordance with the procedures contained in Section B(1) of Rule 67. Section B(1) provides that any one of the competing utilities may initiate a de novo proceeding before the Executive Secretary, who shall then refer the matter to the Administrative Hearings Division. A hearing on the merits shall be held within ten days of the due date established for discovery. The hearing date may be extended by agreement of the parties. The administrative law judge shall issue a decision within thirty days of the hearing. The decision shall be final and subject to appeal in accordance with the procedures applicable to appeals of interlocutory rulings.[4] Rule 67 B.
Pursuant to Rule 67 B, WST filed a petition for de novo review with the Executive Secretary by fax transmission on April 13, 2004, the fourteenth day following the staff opinion. WST submitted the original hard copy the following day. In due course, the matter was assigned to an administrative law judge. In response, Cleco filed an exception of prescription alleging the petition for de novo review was prescribed because fax filings were not allowed except under specific circumstances not present in this case.
The administrative law judge held a hearing on the exception and sustained Cleco's exception of prescription finding *797 that Rule 61[5] prohibited fax filing and that the staff opinion became final on the fourteenth day. Due to the finding of the administrative law judge that the petition for de novo review was untimely, the merits of the staff opinion regarding the violation of the 300 foot rule were never considered.
WST argues that because Cleco filed an exception which did not involve the merits of a 300 foot rule violation, the exception considered by the administrative law judge was subject to the rules applicable to the Administrative Hearings Division, Part XI, containing Rules 54-62. The preamble to Part XI which addresses the Administrative Hearings Division provides, in part:
To the extent any Rule within this section conflicts with provisions elsewhere in the Rules of Practice and Procedure or in previously issued Orders of the Commission addressing procedural matters, the Rule within this Part shall govern.
Rule 55 addresses the delegation of authority by the Commission to the administrative law judges. Subpart (q) provides the administrative law judge shall "[s]ubmit written recommendations to the Commissioners concerning all final determinations in proceedings, including determinations on the merits and determinations on exceptions and motions which result in the involuntary dismissal of a proceeding before the Commission." (Emphasis added.)
When the administrative law judge made a determination that the fax filing of the de novo petition filed by WST was an untimely attempt to seek review of the staff opinion, the decision granting Cleco's exception of prescription resulted in an involuntary dismissal of a proceeding before the Commission. Accordingly, the matter should have been referred to the Commission for consideration in accordance with Rule 55(q). Because written recommendations were not submitted to the Commissioners concerning a final determination, a critical step in the process was omitted.[6] WST argues, and we agree, that all proceedings following the granting of the exception were without effect because the time delays for review of the decision never properly commenced.

CONCLUSION
In light of the foregoing, the decision of the Nineteenth Judicial District Court is vacated. Additionally, Order No. U-27686 of the Commission, dated November 16, 2005, is likewise vacated.
The matter is remanded to the Public Service Commission for consideration of the administrative law judge's ruling on the exception of prescription filed by Cleco in response to WST's petition for de novo review filed by fax on the fourteenth *798 day following the staff opinion regarding violation of the 300 foot rule.
JUDGMENT VACATED; COMMISSION ORDER VACATED; REMANDED TO PUBLIC SERVICE COMMISSION.
NOTES
[1] Appellate review is governed by LSA-Const. art. IV, § 21(E) which provides in part:

Appeal may be taken in the manner provided by law by any aggrieved party or intervenor to the district court of the domicile of the commission. A right of direct appeal from any judgment of the district court shall be allowed to the supreme court.
[2] LSA-R.S. 45:123(A)(1) provides, in part:

No electric public utility shall construct or extend its facilities or furnish or offer to furnish electric service to any point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within three hundred feet of an electric line of another electric public utility, except with the consent in writing of such other electric public utility.
[3] We express no opinion as to whether an exception of prescription was the proper procedural device. No one has raised this as an issue and the parties proceeded as if this were the proper procedural device.
[4] Appeals of interlocutory rulings are covered under Rule 57 found in Part XI, Administrative Hearings Division.
[5] At the time of the hearing, Rule 61 provided, in part, as follows:

Parties are to submit the original plus one copy of each pleading to be filed with the Records Division. Parties may not submit pleadings for filing by fax or other electronic means, except at the direction of the administrative law judge.
Since that time, Rule 61 has been deleted and the substance has been incorporated in Rule 3 which includes provisions for filing by facsimile.
[6] The Public Service Commission is entitled to deference in its interpretation of its own rules and regulations. Plantation v. Louisiana Public Service Commission, 96-1423, p. 5 (La.1/14/97), 685 So.2d 107, 110. However, the Public Service Commission is bound by its own rules. Washington-St. Tammany Electrical Cooperative, Inc. v. Louisiana Public Service Commission, 95-1932, p. 11 (La.4/8/96), 671 So.2d 908, 915 n. 3.