PER CURIAM.
 
 *
 

 |-i This case presents an appeal by Charles Hopkins d/b/a Old River Water Company (“Old River”) from a judgment of the 19th Judicial District Court affirming the Louisiana Public Service Commission’s (“LPSC”) order finding Old River’s water service to be unsatisfactory, and authorizing Old River’s customers to immediately obtain water service from another provider.
 
 [1]
 
 We find the LPSC did not act arbitrarily or capriciously, and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Old River, a sole proprietorship owned by Charles Hopkins, operates as a public utility providing water service to customers in Pointe Coupee Parish. On July 14 and August 23, 2006, approximately two dozen customers served by Old River Well Number 1 petitioned the LPSC complaining of poor water quality, inadequate water pressure, and unreliable service. The customers requested they be released |2from Old River’s water service pursuant to the procedure established in a 1995 General Order of the LPSC.
 
 [2]
 

 On April 10 and April 13, 2007, a hearing was held before Chief Administrative
 
 *481
 
 Law Judge Valerie Seal Meiners. She issued a proposed recommendation on September 4, 2007, finding the water service to be inadequate. Old River filed exceptions challenging the proposed recommendation.
 

 On January 4, 2008, ALJ Meiners issued a final recommendation, again finding the water service provided by Old River inadequate. ALJ Meiners recommended the LPSC issue an order releasing the customers from Old River and allowing them to subscribe to the water service of Innis Water Corporation, Inc. The order would go into effect unless, within fifteen days of the order, Old River filed into the record a six-month plan to remediate the water service and alleviate the customers’ complaints. The recommendation also provided that if Old River filed a plan but failed to fully implement it within the six-month period, the customers would be released from further service.
 

 The matter proceeded to the LPSC for consideration of the ALJ’s final recommendation. At its January 16, 2008 Business and Executive Session, the LPSC, composed of C. Dale Sittig, James M. Field, Jay Blossman, Foster Campbell, and Lambert Boissiere, III, heard argument from the parties. On the motion of | ^Commissioner Sittig, the LPSC rejected the portion of the ALJ’s final recommendation allowing Old River a six-month period to remediate, and instead issued an order releasing the customers immediately. Commissioner Sittig stated:
 

 I’m going to make a motion that we go ahead and do just that, you know, and certainly you got the right to appeal that motion, but I — again, the Judge came approximately five months ago and gave a recommendation. I don’t see anything that’s been done since the recommendation that the Judge has given. So my motion is that — to go ahead and go a little step further and allow these people the date of this Order to go ahead and seek water from some other source.
 

 Commissioner Field supported the motion, stating:
 

 [T]his docket’s been pending a year and a half. But all we’re saying is
 
 they’re
 
 free to go. They can stay with [Old River] they can go to Innis or whoever else is in the area. We don’t know. But I’m going to second his motion that they be released because we’re talking about people’s health and welfare, and we are not in a Third World country, and I just think these people have a — should have a right to choose when they have such poor service.
 

 On February 12, 2008, by unanimous vote, the LPSC issued an order releasing the petitioners from Old River service, effective immediately.
 

 In accordance with La. R.S. 45:1192, Old River timely filed a petition for appeal in the 19th JDC, arguing the LPSC order was arbitrary and capricious because it failed to follow its own regulations. After a hearing, the trial court, Judge Wilson Fields presiding, upheld the LPSC’s order and found it was not arbitrary or capricious.
 

 Old River devolutively appealed to this court, requesting that the trial court and LPSC orders be vacated, and the matter be remanded to the LPSC.
 

 
 *482
 
 ANALYSIS
 

 Old River contends the LPSC failed to follow the procedures established by its own 1995 General Order. The 1995 General Order requires (1) a finding of | inadequate water service; and (2) a finding that Old River refused or was unable to render the service adequate within a reasonable time not to exceed six months. Appellant contends the LPSC ignored the second component and ordered the immediate release of Old River’s customers without permitting Old River an opportunity to remediate and repair the service. Old River relies on
 
 Washington-St. Tammany Electrical Cooperative, Inc. v. LPSC,
 
 95-1932 (La.4/8/96), 671 So.2d 908 for the proposition that when the LPSC fails to apply its own rules in an adjudication before it, its actions are considered arbitrary and capricious.
 

 Old River recognizes that ALJ Meiners issued a final recommendation ordering it to take remedial steps; however, it asserts that where a party requests oral argument, the ALJ’s recommendation is not considered final, and must be submitted to the LPSC before taking effect. Old River relies on Rule 56(a)(9) of the Rules of Practice and Procedure of the LPSC.
 

 Old River argues it should not be penalized for fully pursuing the available administrative remedies instead of taking remedial steps prior to a final and conclusive adjudication of the matter. It asserts this court has recognized the inconclusiveness of an administrative law judge’s final recommendation in
 
 Washington-St. Tammany Electrical Cooperative, Inc. v. LPSC,
 
 2006-2814 (La.4/11/07), 953 So.2d 794. In that case, this court vacated a judgment of the 19th Judicial District Court and an order of the LPSC, where an administrative law judge’s ruling was given effect without first being submitted to the LPSC under Rule 55(q).
 

 LPSC counters that it properly released Old River’s customers due to serious and persistent problems with the company’s regulatory compliance and quality of service. The record strongly supports this assertion. It is undisputed that Old River put a groundwater well into service prior to receiving the required permit from the Louisiana Department of Health and Hospitals (“DHH”). The DHH cited Old River for several violations, and a “boil advisory” was issued due to concerns about Ifidrinking water safety (although Old River apparently failed to notify its customers of the boil advisory).
 

 LPSC maintains it fully complied with its Rules of Practice and Procedure, as well as the 1995 General Order. An LPSC order can only be considered arbitrary and capricious when the record “does not and could not reasonably support its finding.”
 
 Ken-Go Services, Inc. v. LPSC,
 
 483 So.2d 141 (La.1986). Further, LPSC decisions are entitled to great weight, and a reviewing court should not substitute its judgment for that of the LPSC.
 
 South Louisiana Electric Cooperative Association v. LPSC,
 
 367 So.2d 855, 856 (La.1979);
 
 Plantation v. LPSC,
 
 96-1423 (La. 1/14/97); 685 So.2d 107, 110: “The Commission is entitled to deference in its interpretation of its own rules and regulations.”
 

 The record is replete with evidence of problems with Old River’s service, including the lack of chlorination, improper testing procedures, the lack of boil orders for each service outage, and inadequate storage tank size. This evidence was sufficient to support the conclusion that service was inadequate, and would not be made acceptable in six months.
 

 Moreover, the 1995 General Order does not require the LPSC to allow any time for the utility to remedy its service; rather, it provides that if the LPSC makes
 
 *483
 
 such an allowance, the time may not exceed six months. Here, the LPSC ultimately determined the service would not be rendered adequate, and released the customers so they could immediately seek appropriate service. We find this decision was within the wide discretion afforded the LPSC, and was neither arbitrary nor capricious.
 

 DECREE
 

 The decision of the Louisiana Public Service Commission is hereby AFFIRMED.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . This court has appellate jurisdiction over LPSC proceedings. La. Const, art. IV § 21(E).
 

 [2]
 

 . The 1995 LPSC General Order essentially provides that the complaining customer must first establish a prima facie case that the service currently provided by the water company is inadequate, after which the burden of proof is shifted to the water company to demonstrate that its service is adequate, or that its service will be rendered adequate within a reasonable time, not to exceed six months. The Order states in part:
 

 [A]ny customer receiving service from a water utility who feels aggrieved with the ser
 
 *481
 
 vice being offered to or received by him may apply to the Louisiana Public Service Commission for an order directing his present supplier to show cause why the consumer should not be released from said supplier, and if the Commission shall find that the service rendered to such consumer is inadequate for any reason whatsoever and will not be rendered adequate within a reasonable time not to exceed six (6) months, the release shall be granted.