WHIPPLE, C.J.
|2This appeal raises the issue of whether the district court or the Louisiana Public Service Commission (“the PSC”) has subject matter jurisdiction to adjudicate claims relating to the quality of water supplied by a public utility. Plaintiff challenges the trial court’s judgment maintaining the defendant’s declinatory exception raising the objection of lack of subject matter jurisdiction and dismissing her case. For the following reasons, we affirm in part, reverse in part, and remand with instructions for the district court to stay the proceedings.
PROCEDURAL HISTORY
On September 28, 2012, plaintiff, Stacy Richards, filed a petition for damages and permanent injunction against Parish Water Company, Inc. (“Parish Water”), styling her claim as a class action brought individually and on behalf of all others similarly situated.[1] In her petition, she contends that Parish Water supplied drinking water to the residents of the Town of Central, but that for many years, the drinking water supplied was defective in' that it was not reasonably fit for its ordinary and intended use, thereby rendering it totally useless or greatly diminishing its value. Thus, pursuant to LSA-C.C. art. 2520, plaintiff asserts a claim in redhibition and seeks “a reduction of the purchase price by repayment to each purchaser of the moneys they have paid to [Parish Water] for potable water, together with reasonable attorney’s fees.” Plaintiff further asserts in her petition: a claim 1 ofor “dommage moral,” pursuant to LSA-C.C. art 1998[2]; a claim of fraud by misrepresentation, pursuant to LSA-C.C. art. 1953[3]; a claim for rescission of contract together with damages and attorney’s fees, pursuant to LSA-C.C. art.1958[4]; and a claim for a permanent injunction ordering Parish Water to cease and desist from providing potable water to plaintiff and the putative class members in the defective state that it has been delivered, pursuant to LSA-C.C.P. art. 3601 et seq. Accordingly, in praying for relief, plaintiff seeks damages, costs, legal interest, and attorney’s fees, as well as a permanent injunction.
*1030 In response to the petition, Parish Water filed a declinatory exception raising the objection of lack of subject matter jurisdiction, contending that plaintiffs claims are all fundamentally connected to and arise out of the service Parish Water provides to plaintiff and other consumers, matters over which the Louisiana Constitution and statutory law vest exclusive jurisdiction in the PSC. At the hearing on Parish Water’s exception, the district court concluded that plaintiffs claims, although couched in terms of redhibition and breach of contract, arose out of the service rendered by a public utility and, accordingly, must first be presented to the PSC, with a right thereafter to judicial review. Thus, by judgment dated May 8, 2013, |4the district court maintained the exception of lack of subject matter jurisdiction and dismissed plaintiffs suit without prejudice.
From this judgment, plaintiff appeals, contending that the district court erred in: (1) finding that the PSC had primary jurisdiction to adjudicate redhibition and fraud claims involving a public utility; (2) holding that the PSC’s administrative rules and regulations provide the only source of judicial access and relief to a plaintiff asserting redhibition and fraud claims against a public utility; and (3) maintaining Parish Water’s exception of lack of subjection matter jurisdiction.
SUBJECT MATTER JURISDICTION
Louisiana Constitution article V, § 16(A)(1) vests the district court with “original jurisdiction of all civil and criminal matters,” unless there is other jurisdictional authorization in the Constitution. Central Louisiana Electric Company, Inc. v. Louisiana Public Service Commission, 601 So.2d 1383,1385 (La.1992).
The constitutional provision pertaining to the powers and duties of the PSC is LSA-Const. art. IV, § 21. Section 21(B) grants the PSC the power to “regulate all ... public utilities” and “such other regulatory authority as provided by law.”[5] As authorized by LSA-Const. art. IV, § 21(B), the Legislature has further provided that the PSC “shall exercise all necessary power and authority over any ... waterworks ... for the purpose of fixing and regulating the rates charged or to be charged by and service furnished by such public utilities,” LSA-R.S. 45:1163(A)(1), and that “[t]he power, | .¡authority, and duties of the [PSC] shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by such public utility, except in the parish of Orleans,” LSA-R.S 45:1164(A). Indeed, the Louisiana Supreme Court has labeled the PSC’s jurisdiction over public utilities as “plenary.” Daily Advertiser v. Trans-La (A Division of Atmos Energy Coloration), 612 So.2d 7, 16 (La.1993); Gulf States Utilities Company v. Louisiana Public Service Commission, 578 So.2d 71, 100 (La.), cert. denied, 502 U.S. 1004, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991).
However, as noted by the Louisiana Supreme Court in Central Louisiana Electric Company, Inc., “[t]he Legislature has never ‘provided by law’ for the PSC to exercise jurisdiction over other subject matters and areas of litigation in which public utilities are involved, such as tort *1031 actions and contract disputes.” Central Louisiana Electric Company, Inc., 601 So.2d at 1386 (emphasis added). Rather, an action for damages generally constitutes a civil matter over which the district court would have jurisdiction. Daily Advertiser, 612 So.2d at 16, Thus, it is necessary at the outset to determine the relief demanded by plaintiff in order to resolve the subject matter jurisdiction issue. In resolving this jurisdictional issue, we are not bound by the legal labels a plaintiff affixes to her claims, but must look beneath the labels to ascertain the gravamen of plaintiffs claims. Daily Advertiser, 612 So.2d at 18.
On appeal, plaintiff contends that she has asserted claims of redhibition and fraud, which are exclusively within the jurisdiction of the district court. With regard to her claim labeled as fraud, plaintiff asserts a claim pursuant to LSA-C.C. art. 1953 et seq., alleging in her petition that Parish Water has “committed fraud by misrepresentation and/or suppression | nof the truth about the quality of the potable water.” Thus, she seeks rescission of the contract between herself and Parish Water, as well as damages and attorney’s fees provided by LSA-C.C. art. 1958.
With regard to her claims styled in red-hibition, plaintiff alleges in her petition that the drinking water she and the other residents of the Town of Central receive in their homes and businesses is not reasonably fit for its ordinary and intended use and is so defective that she and the putative class members “would not purchase this water from [Parish Water] but for the fact that [it has] a monopoly for the delivery and sale of potable water within the Town of Central.” Alternatively, she avers .that “if the water is found to be not totally useless, the usefulness of the water is such that its value is greatly diminished.” Thus, citing LSA-C.C. art. 2520, she seeks “a reduction of the purchase price by repayment to each purchaser of the moneys that they have paid to defendants for potable water, together with reasonable attorney’s fees.” Additionally, plaintiff alleges a claim for nonpecuniary damages pursuant to LSA-C.C. art. 1998.[6] Finally, plaintiff seeks a permanent injunction pursuant to LSA-C.C.P. art. 3601, et seq., ordering Parish Water to cease and desist from providing potable water which contains particulate matter to the degree that the water is discolored and leaves a “greasy” film in household appliances and containers.
Accordingly, based on allegations of substandard water service, plaintiff seeks relief in the form of damages, attorney’s fees, rescission of contract, and permanent injunction. Through the claims for rescission of contract and permanent injunction, plaintiff appears to be seeking a change |7in how water service is provided to her home or business or a change in the party that provides such a service. The power to grant such relief is clearly within the jurisdiction of the PSC. •
As noted above, pursuant to constitutional and statutory authority, the PSC has original jurisdiction over subject matters that principally involve the right to fix and regulate rates to be charged and the services to be furnished by a public utility. Ethyl Corporation v. Gulf States Utilities, Inc., 2001-2230 (La.App. 1st Cir.10/2/02), 836 So.2d 172, 176, writ de *1032 nied, 2002-2709 (La.12/19/02), 833 So.2d 340. It regulates all public utilities, ■ including waterworks, LSA-Const. art. IV, § 21 and LSA-R.S. 45:1163(A)(1), and its power, authority, and duties “shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by such public utility....” LSA-R.S. 45:1164(A)(emphasis added). While the term “service” as used in LSA-R.S. 45:1164(A) has not been defined by the legislature, the Louisiana Supreme Court has held that “service” refers to the “purpose for which the utility is engaged.” Louisiana Cablevision v. Louisiana Public Service Commission, 493 So.2d 555, 557-558 (La.1986). Pursuant to this authority, the PSC adopted a procedure, as established in a 1995 General Order of the PSC, which essentially provides that a customer who feels aggrieved with the service provided by a water utility may apply to the PSC to obtain release from service from that water utility.[7] LPSC General Order (5/25/95); see | ¡¡Hopkins v. Louisiana Public Service Commission, 2010-0255 (La.5/19/10), 41 So.3d 479, 480 n. 2.
 In the instant case, a review of the allegations in plaintiffs petition demonstrates that this is primarily a water utility service matter within the PSC’s exclusive original jurisdiction. See generally Daily Advertiser, 612 So.2d at 18-26 (wherein the Court, in ascertaining the gravamen of plaintiffs’ claims, determined that the case was primarily a rate matter within the PSC’s exclusive jurisdiction); see also Hopkins, 41 So.3d at 48ÍM83 (wherein water utility sought appellate review in the courts of the PSC’s ruling with regard to customers’ complaints about poor water quality, inadequate water pressure, and unreliable service). As noted by the district court in oral reasons for judgment:
I don’t know if this matter proceeded to this court if I could even provide adequate relief that’s asked. Even if I would find that the service quality of the water or the service was inadequate, I don’t think I have the authority to order Parish [Water] to stop providing water. 1 can’t allow plaintiff to obtain water from another source or another provider. Only the [PSC] can do that.
Thus, the district court properly determined that it does not have jurisdiction over plaintiffs claims related to the service provided by the water utility, relief from such service which she seeks through her claims of rescission of contract (apparently to be released from service by defendant water utility) and the request for a permanent injunction (seeking to prevent Parish Water [nfrom providing inadequate water service).[8]
*1033 On the other hand, where the essence of plaintiffs claims are that Parish Water’s inadequate service caused her damage in some way, the PSC does not have jurisdiction over plaintiffs claims for damages and attorney’s fees. Rather, jurisdiction lies with the district court. See Ethyl Corporation, 836 So.2d at 176. As such, any claims for pecuniary and nonpe-cuniary damages are within the district court’s original jurisdiction.
Accordingly, plaintiff has asserted claims that present some issues for court resolution and some issues for agency resolution. In such a case, dismissal of plaintiffs claims insofar as they arise out of the water service provided by Parish Water was warranted, and was proper, because such claims are within the PSC’s exclusive jurisdiction and are subject to the requirement of exhaustion of administrative remedies. See Daily Advertiser, 612 So.2d at 26. Nonetheless, plaintiff is likewise entitled to adjudication of the remainder, if any, of those claims by plaintiff over which jurisdiction in the district court is proper. However, as our Supreme Court has instructed, in such situations, the doctrine of primary jurisdiction compels that such judicial determination be deferred until after the PSC proceeding is completed. See Daily Advertiser, 612 So.2d at 31.
As the Court explained in Daily Advertiser, the doctrine of primary jurisdiction applies when concurrent jurisdiction exists between the courts [inand the administrative agency. Daily Advertiser, 612 So.2d at 27. In such cases, the judicial process is suspended pending referral to the administrative agency of issues, which under a regulatory scheme, are within the agency’s special competence. Paulsell v. State, Department of Transportation and Development, 2012-0396 (La.App. 1st Cir. 12/28/12), 112 So.3d 856, 861, writ denied, 2013-0274 (La.3/15/13), 109 So.3d 386, Thus, where a plaintiff asserts claims within the PSC’s exclusive jurisdiction (such that dismissal of those claims by the district court is warranted), the doctrine of primary jurisdiction compels that a judicial determination of the remaining claims over which the district court has jurisdiction be deferred until after the PSC proceeding is completed. Daily Advertiser, 612 So.2d at 26-27.
Accordingly, as the Supreme Court articulated in Daily Advertiser, “while we express no opinion on the merits of plaintiff[’s] other claims, we cannot ignore the presence in plaintiff[’s] petition of the prayer for damages.... ” Daily Advertiser, 612 So.2d at 31. Notwithstanding that the thrust of plaintiffs petition is that the quality of the water service provided by Parish Water is unsatisfactory, a matter within the PSC’s exclusive jurisdiction, plaintiff is entitled to the adjudication of the remainder, if any, of her claims over which jurisdiction in the district court is proper. However, in accordance with the Supreme Court’s pronouncements in Daily Advertiser, the doctrine of primary jurisdiction compels that such judicial determination be deferred until after the PSC proceeding is completed.
CONCLUSION
For the above and foregoing reasons, we affirm the. district court’s judgment to the extent that it maintained Parish Water’s exception of lack of subject matter jurisdiction and dismissed plaintiffs claims aris *1034 ing out of the water service provided by Parish Water and her resulting request for relief in |nthe form of rescission of contract (seeking to be released from service by defendant water utility) and permanent injunction (seeking to prevent Parish Water from continuing to provide such inadequate water service). However, as to the remainder of plaintiffs claims seeking damages, we reverse the judgment maintaining the exception of lack of subject matter jurisdiction. As to the damage claims, the matter is remanded to the district court with instructions to stay the proceedings in the district court pending the completion of proceedings before the PSC. either as presently instigated or as may be instigated or supplemented by plaintiff in the PSC. See Daily Advertiser, 612 So.2d at 32.
Costs of this appeal are assessed equally between the parties.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
WELCH, J., agreeing in part and dissenting in part, with reasons assigned.

. Plaintiff also named Baton Rouge Waterworks Company as a defendant, but this defendant was later dismissed without prejudice on joint motion of the two parties. With regard to plaintiff’s request that the matter be certified as a class action, upon stipulation of the parties, the district court ordered that the requirement of LSA-C.C.P. art. 592(A)(1) for the filing of a motion to certify the matter for class action treatment be extended without date.

. "Dommage moral” refers to damage of a moral nature which does not affect a "material” or tangible part of a person's patrimony, i.e., a nonpecuniary loss. Jones v. Winnebago Industries, Inc., 47,137 (La.App. 2nd Cir. 5/16/12), 92 So.3d 1113, 1121. Louisiana Civil Code article 1998, which addresses damages caused by failure to perform a conventional obligation, provides that damages for nonpecuniary loss may be recovered when a contract "is intended to gratify a nonpecuni-ary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.”

. Louisiana Civil Code article 1953, addressing a vice of consent in conventional obligations, provides: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.”

. Louisiana Civil Code article 1958 provides that ”[t]he party against whom rescission is granted because of fraud is liable for damages and attorney fees.”

. In its entirety, LSA-Const. art. IV, § 21(B) provides:
Powers and Duties. The commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law. It shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties, and shall have other powers and perform other duties as provided by law.

. Plaintiff also alleged in her petition that the drinking water supplied by Parish Water "has fouled household filtration systems and machines that use the water, for example, washing machines, etc., and other household items to the extent that they have had to be replaced in minimal periods of time, well short of their normal useful life,” thus seemingly asserting a claim for pecuniary damages.

. The 1995 General Order provides, in pertinent part, as follows:
Any consumer receiving service from a water utility who feels aggrieved with the service being offered to or received by him may apply to the Louisiana Public Service Commission for an order directing his present supplier to show cause why the consumer should not be released from said supplier, and if the Commission shall find that the service rendered to such consumer is inadequate for any reason whatsoever and will not be rendered adequate within a reasonable time not to exceed six (6) months, the release shall be granted....

. To the extent that plaintiff asserted at oral argument in this matter that the Louisiana Department of Health and Hospitals (DHH) is the agency that regulates quality of water rather than the PSC, we initially note that while plaintiff alleged in her petition that the water supplied by Parish Water was not reasonably fit for its ordinary and intended use. she did not allege any violations of DHH regulations regarding water safety. Clearly, any allegations of violations of DHH regulations would be within the purview of DHH. See LSA-R.S. 40:4(A)(8) & 40:5(5) & (6). Nonetheless, to the extent that DHH does cite *1033 a water utility for violations of rules and regulations concerning water safety, that is certainly a consideration that the PSC may take into account in addressing complaints about a water utility’s service, as part of its regulation of the service provided by public utilities. See Hopkins, 41 So.3d at 482-483.