Dennis Harold FRITH, et al.,
Plaintiffs/Applicants

v.

SOUTHWEST OUACHITA
WATERWORKS, INC.,
Defendant/Respondent

No. 50,749-CW

Court of Appeal of Louisiana,
Second Circuit.

October 12, 2016

ANTHONY J. BRUSCATO, CATHER-INE LEARY, Counsel for Plaintiffs/Applicants

HAYES, HARKEY, SMITH & CASCIO, By: John B. Saye, Counsel for Defendant/Respondent

Before BROWN, WILLIAMS, and STONE, JJ.

BROWN, CHIEF JUDGE.

⌊₁Plaintiffs, Dennis Harold Frith, et al., filed a writ with this Court complaining of a judgment rendered on October 15, 2015, by the district court denying in part defendant's exception of lack of subject matter jurisdiction as to plaintiffs' tort and contract claims against the defendant water service provider, granting in part as to the plaintiffs' claims which fell within the jurisdiction of the Louisiana Public Service Commission ("LPSC"), and staying the pending proceedings until plaintiffs' administrative remedies regarding their water service were exhausted. This Court granted the writ and converted it to the instant appeal.[1]

For the reasons set forth below, we affirm the lower court's ruling. Plaintiffs' tort and contract claims should be stayed by the lower court until the LPSC determines whether a change in water service provider is needed.

### Facts and Procedural History

Plaintiffs are contract customers of defendant or household members of the homes defendant contracted with to provide service. The defendant, Southwest Ouachita Waterworks, Inc. ("Southwest"), provides water service to plaintiffs at their homes and/or places of employment. On August 7, 2015, plaintiffs filed a petition for damages and an injunction related to the water supplied by Southwest, complaining that the water provided by defendant was brown in color, foul-smelling, and

---

1. This case was consolidated for appeal with the factually similar *Henry v. Greater Ouachita* *Water, Co.*, 50,750.

unfit for use or consumption. Plaintiffs' claims included breach of contract, negligence, breach of warranty, trespass, nuisance, violation of duties imposed under the Louisiana Products Liability Act, redhibition, and violations of state environmental laws.

Plaintiffs sought general damages for: (1) costs sustained in purchasing water filtration devices and alternative water sources; (2) costs incurred repairing and replacing water piping systems, water tanks, and clothes damaged by the unfit water; (3) the diminution in value to plaintiffs' properties; and (4) a refund of all payments plaintiffs made to Southwest under their contracts for water service. Plaintiffs additionally sought non-pecuniary damages for mental anguish, distress, and inconvenience they experienced when: (1) they were unable to use the water; (2) their clothes were ruined and required replacement; (3) their pipes and appliances were damaged and required repair or replacement; and (4) they had to find other water sources for drinking and daily use. Plaintiffs additionally sought a permanent injunction requiring Southwest "to adopt adequate methods in supplying safe drinking water and/or find sources of water that prevent and/or reduce the likelihood of contamination." Plaintiffs' petition also alleged that part of their purpose in filing the suit was "to force a change by Southwest Ouachita or for another water company [to deliver] safe drinking water as mandated by law."

On September 11, 2015, Southwest filed a declinatory exception, claiming that the Fourth Judicial District Court did not have subject matter jurisdiction over the case, but rather, that exclusive jurisdiction over the matter rested with the LPSC, which has jurisdiction over claims related to water service as granted by Louisiana constitutional and statutory law. Defendant alternatively argued that because the LPSC had primary jurisdiction over several issues in the case, the court should dismiss and/or stay the proceedings until the LPSC determined those matters.

Following a hearing on October 15, 2015, the district court denied the exception as to plaintiffs' tort and breach of contract claims, and granted the exception as to the remaining claims under the jurisdiction of the LPSC. The court found it had concurrent jurisdiction with the LPSC over plaintiffs' non-tort and non-contract claims, and that the plaintiffs were first required to exhaust their administrative remedies with the LPSC before seeking district court review of those matters. The district court, under the doctrine of primary jurisdiction, stayed the case until plaintiffs exhausted their administrative remedies for the claims that fell within the jurisdiction of the LPSC.

On November 16, 2015, plaintiffs filed a notice of intent to seek supervisory review of the court's ruling on defendant's exception of lack of subject matter jurisdiction and motion to stay. Plaintiffs timely filed for supervisory review and this Court granted the writ, ordering the matter to be docketed, briefed, and argued as an appeal.

## Discussion

Plaintiffs argue that the trial court abused its discretion in finding that the LPSC had concurrent jurisdiction with the district court over plaintiffs' non-tort and non-contract claims. According to the plaintiffs, the LPSC has jurisdiction only to certify water service providers, assign territories, and fix rates for water service; all other unrelated disputes fall within the jurisdiction of the district court, which includes plaintiffs' claims. Plaintiffs further urge that the district court may only stay district court proceedings under the doctrine of primary jurisdiction when there is concurrent jurisdiction between the dis-

trict court and the LPSC, an available administrative remedy exists which can settle the dispute, and issuing such a stay is in the interest ⌊4of justice or judicial efficiency. In the instant case, assert plaintiffs, there is no existing administrative remedy within the LPSC to resolve the dispute between plaintiffs and defendant.

Southwest argues that the LPSC has jurisdiction over matters related to water service. Plaintiffs are seeking an injunction ordering defendant to supply acceptable methods for providing safe drinking water or find other sources of adequate water; alternatively, plaintiffs are asking for a change in water service providers. Southwest contends that either remedy relates to water service and falls within the jurisdiction of the LPSC; therefore, the district court correctly dismissed those claims. Defendant agrees that the district court has jurisdiction over plaintiffs' tort and contract claims, but contends that all of plaintiffs' other claims relate to water service. As such, plaintiffs must first exhaust their administrative remedies with the LPSC before seeking relief from the court. Lastly, Southwest argues that plaintiffs' claims for damages are dependent upon the appropriate standards for waterworks, which bear on what duties defendant owes to its clients, and whether those standards were breached. Southwest claims that deferring to the LPSC's determination of those matters would encourage consistency in the governing scheme and preclude the district court from being the regulatory manager of the waterworks system.

■ The district courts are vested with "original jurisdiction of all civil and criminal matters" under La. Const. art. V, § 16(A), unless otherwise authorized in the constitution. *Central La. Elec. Co. v. La. Public Serv. Com'n.*, 601 So.2d 1383 (La. 1992).

■ Jurisdiction over public utilities in general and rates in particular is vested in the LPSC under La. Const. art. IV, § 21(B). *Daily Advertiser v.* ⌊5*Trans–La., a Div. of Atmos Energy Corp.*, 612 So.2d 7 (La. 1993). Article IV, § 21(B) states that:

> The commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law. It shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties, and shall have other powers and perform other duties as provided by law.

The Louisiana Supreme Court found in *Gulf States Utilities Co. v. La. Public Serv. Com'n.*, 92–1185 (La. 03/17/94), 633 So.2d 1258, that La. Const. art. IV, § 21(B) affords the LPSC expansive, independent, and plenary regulatory powers over public utilities. That broad regulatory power comprises the right to exercise all necessary power and authority over public utilities for the objective of setting and regulating rates charged or to be charged, and service furnished by, those public utilities. *Id.*

■■ The manner in which plaintiffs couch their claims does not automatically vest jurisdiction in the district court; rather, the nature of the relief demanded is dispositive. *Daily Advertiser, supra.* Furthermore, the fact that one party is a public utility does not consequentially divest the district court of original jurisdiction. *Town of Sterlington v. Greater Ouachita Water Co.*, 49,315 (La. App. 2d Cir. 10/01/2014), 149 So.3d 952, *writ denied*, 14–2258 (La. 01/01/15), 157 So.3d 1111. However, that a party is a public utility makes La. Const. art. IV, § 21(B) possibly applicable. *Id.*

Under La. R.S. 45:1163(A)(1), the LPSC "shall exercise all necessary power and authority over any ... waterworks ... for the purpose of fixing and regulating rates charged or to be charged by and service furnished by such public utilities."

Additionally, under La. R.S. 45:1164(A), "the power, authority, and duties of the [L]PSC shall affect and include all matter and things connected with, concerning, and growing out of the service to be given or rendered by such public utility, except in Orleans Parish."

In *Central La. Elec. Co.*, 601 So.2d at 1386, the Supreme Court examined the framework for choosing between the district court's authority to apply and implement Louisiana laws and the LPSC's authority to regulate rates and service:

> [T]he [L]PSC has constitutional and statutory jurisdiction over subject matters which principally involve the right to fix and regulate rates charged by and services furnished by public utilities. The Legislature has never provided by law for the [L]PSC to exercise jurisdiction over other subject matters and areas of litigation in which public utilities are involved, such as tort actions and contract disputes. It is therefore necessary at the outset to determine the relief demanded by all parties in order to resolve the subject matter jurisdiction issue.

The Court also stated in *Daily Advertiser, supra* at 16, that an action for damages largely constitutes a civil matter the district court would have jurisdiction over.

Plaintiffs in this case seek damages for tort and breach of contract claims. Neither party disputes that those claims fall within the original jurisdiction of the district court. However, Plaintiffs also seek an injunction against Southwest "to adopt adequate methods in supplying safe drinking water and/or find sources of water that prevent and/or reduce the likelihood of contamination." Plaintiffs' petition also states that they seek "to force a change by Southwest Ouachita or for another water company [to deliver] safe drinking water as mandated by the applicable law."

In *Richards v. Baton Rouge Water Co.*, 13–0873 (La.App. 1 Cir. 03/21/14), 142 So.3d 1027, the plaintiff sought damages, attorney's fees, rescission of contract, and a permanent injunction based on the claims of deficient water service. The First Circuit reasoned that because the plaintiff's claims included rescission of contract and a permanent injunction, the plaintiff appeared to be seeking a change in her water service provider, which the court determined was within the jurisdiction of the LPSC. *Id.* The court found pursuant to La. Const. art. IV, § 21 and La. R.S. 45:1163(A)(1), the LPSC regulates all public utilities, including waterworks.

Under La. R.S. 45:1164(A), the LPSC's authority "affect[s] and include[s] all matters and things connected with, concerning, and growing out of the *service* to be given or rendered by such a public utility." (Emphasis added). The Louisiana Supreme Court defined "service" in this context as "the purpose for which the utility is engaged." *Louisiana Cablevision v. La. Public Serv. Com'n.*, 493 So.2d 555, 557–58 (La. 1986). The LPSC subsequently developed a procedure by which a customer who was unsatisfied with her water service might apply to the LPSC to acquire discharge from that water service provider.[2]

---

**2.** A 1995 LPSC General Order states that the aggrieved customer must first prove a prima facie case that the service presently delivered by the water service provider is deficient, after which the burden of proof is shifted to the water service provider to show that its service is sufficient, or that its service will be made sufficient within a reasonable time, not to exceed six months. The Order provides in part:

> [A]ny customer receiving service from a water utility who feels aggrieved with the service being offered to or received by him may apply to the Louisiana Public Service Commission for an order directing his present supplier to show cause why the con-

The LPSC has original jurisdiction over whether an aggrieved customer has been provided with inadequate water service such that that customer may obtain a different water service provider. In the instant case, plaintiffs seek for Southwest to provide water fit for ordinary use, or plaintiffs want defendant to find an alternative water source that is fit for such use. If neither can be achieved, plaintiffs desire a different water service provider. This injunction is an issue related to the water service Southwest provides to plaintiffs, and as such falls within the original jurisdiction of the LPSC. The LPSC must determine whether the service provided by Southwest was inadequate, and if so, require Southwest to show that the deficient service will be remedied within six months. Upon Southwest's failure to do so, the LPSC may then release plaintiffs from their service contracts with Southwest.

Plaintiffs have specified claims that present some issues that fall within the jurisdiction of the LPSC and others that fall within the jurisdiction of the district court. The claims that fall within the exclusive jurisdiction of the LPSC, i.e., those related to the service Southwest provided, should be dismissed subject to the requirement of the exhaustion of administrative remedies. Plaintiffs are entitled to the adjudication of the rest of the claims over which the district court has jurisdiction, which are those claims in which plaintiffs are seeking damages.

When there is concurrent jurisdiction between the courts and an administrative agency, the doctrine of primary jurisdiction applies. *Daily Advertiser*, 612 So.2d at 27. Concurrent jurisdiction exists in the district courts to adjudicate all legal matters except for those matters in which original jurisdiction is otherwise authorized by the constitution itself in other courts or in other adjudicative tribunals. *Id.* As stated above, the LPSC has exclusive jurisdiction over matters related to water service, including whether a change in water service provider is warranted. The district court has only appellate jurisdiction to review such LPSC decisions. *Id.* Therefore, there is concurrent jurisdiction between the LPSC and the district court in this case, and the doctrine of primary jurisdiction applies. The doctrine of primary jurisdiction obligated the district court to stay any judicial proceeding related to plaintiffs' claims that fall outside the exclusive jurisdiction of the LPSC until the LPSC proceeding is ended. We find no error in the trial court's ruling in this case.[3] Plaintiffs' tort and contract claims should be stayed by the district court until the LPSC rules on whether a change in water service provider is needed.

### Conclusion

For the above reasons, we AFFIRM the district court's judgment. Costs are assessed to plaintiffs.

---

sumer should not be released from said supplier, and if the Commission shall find that the service rendered to such consumer is inadequate for any reason whatsoever and will not be rendered adequate within a reasonable time not to exceed six (6) months, the release shall be granted.

*Richards,* 142 So.3d at 1032.

3. We note that in *Henry v. Greater Ouachita Water Co.,* plaintiffs amended their petition and sought damages only for breach of contract and tortious misconduct.